IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETHICON LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | REDACTED - PUBLIC VERSION |
| v. | ) | C.A. No. 17-871-LPS-CJB |
| | ) | |
| INTUITIVE SURGICAL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A
CONFERENCE WITH THE COURT AND LIMITED EXPEDITED DISCOVERY**

OF COUNSEL:
Robert A. Van Nest
Brian Ferrall
R. Adam Lauridsen
Bill Hicks
Eduardo E. Santacana
KEKER VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

Dated: August 11, 2017

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5482)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

                                **Page**

I.  BACKGROUND ................................................................................................................1

II.  ARGUMENT ....................................................................................................................3

   A.  Ethicon is not entitled to discovery of an unreleased, un-accused product. ............3

   B.  Ethicon has failed to demonstrate good cause for expedited discovery. .................5

III.  CONCLUSION .................................................................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abbott Labs. v. Andrx Pharm., Inc.,*
 452 F.3d 1331 (Fed. Cir. 2006) ...................................................................................................6

*Advanced Micro Devices, Inc. v. Samsung Elecs. Co.,*
 2009 WL 1834147 (N.D. Cal. June 24, 2009) ............................................................................5

*Apple Inc. v. Samsung Elecs. Co.,*
 768 F. Supp. 2d 1040 (N.D. Cal. 2011) ......................................................................................8

*Apple Inc. v. Samsung Elecs. Co.,*
 2011 WL 1938154 (N.D. Cal. May 18, 2011) ............................................................................8

*Automated Merch. Sys., Inc. v. Crane Co.,*
 357 F. App'x 297 (Fed. Cir. 2009) ..............................................................................................6

*Caliper Techs. Corp. v. Molecular Devices Corp.,*
 213 F.R.D. 555 (N.D. Cal. 2003) ............................................................................................4, 5

*EMC Corp. v. Zerto, Inc.,*
 2016 WL 1291757 (D. Del. Mar. 31, 2016), *aff'd*, No. 2016-1856, 2016-1883,
 2017 WL 2533522 (Fed. Cir. June 12, 2017) .............................................................................6

*EON Corp. IP Holdings, LLC v. FLO TV Inc.,*
 C.A. No. 10-812-RGA, 2013 WL 5882005 (D. Del. July 18, 2013) ..........................................4

*EPOS Techs. v. Pegasus Techs.,*
 842 F. Supp. 2d 31 (D.D.C. 2012) ..............................................................................................3

*Fenster Family Patent Holdings, Inc., Elscint Ltd.,*
 C.A. No. 04-038-JJF, 2005 WL 2304190 (D. Del. Sept. 20, 2005) ...........................................3

*Interserve, Inc. v. Fusion Garage PTE, Ltd.,*
 2010 WL 143665 (N.D. Cal. Jan. 7, 2010) .................................................................................8

*Invensas Corp. v. Renesas Elecs. Corp.,*
 287 F.R.D. 273 (D. Del. 2012) ................................................................................................4, 5

*Kimberly-Clark Worldwide Inc. v. First Quality Baby Prods. LLC,*
 No. 09-cv-916, D.I. 97, Slip Op. (E.D. Wis. Jan. 29, 2010) ...................................................8, 5

*Kone Corp. v. ThyssenKrupp USA, Inc.,*
 C.A. No. 11-465-LPS-CJB, 2011 WL 4478477 (D. Del. Sept. 26, 2011) ..........................5, 7, 8

*Micro Motion, Inc. v. Kane Steel Co.*,
   894 F.2d 1318 (Fed. Cir. 1990) ...........................................................................................4

*Microsoft Corp. v. Multi-Tech Sys.*,
   2001 U.S. Dist. LEXIS 23155 (D. Minn. Dec. 14, 2001) .........................................................3

*Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd.*,
   765 F. Supp. 2d 87 (D. Mass. 2011) ..............................................................................5, 7, 8

*PersonalWeb Techs., LLC v. Google Inc.*,
   No. C13-01317 EJD (HRL), 2014 WL 4088201 (N.D. Cal. Aug. 19, 2014) ..............................3

*Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*,
   213 F.R.D. 418 (D. Colo. 2003) .........................................................................................7

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
   208 F.R.D. 273 (N.D. Cal. 2002) ........................................................................................8

*Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*,
   2013 WL 4080648 (D.N.J. Aug. 13, 2013) .........................................................................5

*Tesseron, Ltd. v. R.R. Donnelley & Sons Co.*,
   2007 WL 2034286 (N.D. Ohio July 10, 2007) ..................................................................4, 5

*Wilcox Indus. Corp. v. Hansen*,
   279 F.R.D. 64 (D.N.H. 2012) ..............................................................................................7

**Federal Statutes**

35 U.S.C. § 271(e) ....................................................................................................................3

**Federal Rules of Civil Procedure**

Rule 12 ....................................................................................................................................8

Rule 26 ....................................................................................................................................5

**Federal Regulations**

21 C.F.R. § 807.81 ...................................................................................................................3

Plaintiffs move for expedited discovery seeking information they would not be entitled to under normal circumstances in support of a preliminary injunction for which they provide no basis on the merits or showing of irreparable harm. Lacking any basis for this extraordinary relief, this motion is effectively a ploy to force Intuitive Surgical to reveal highly-sensitive competitive information about its product roadmap merely to oppose this motion, and in order to prevent even more sensitive discovery if the motion were granted. The Court should deny Ethicon's motion.

Discovery into an unreleased product is irrelevant in a patent infringement action. And even if the discovery related to an already-released product, Ethicon must still show it is "reasonably similar" to the accused products. It has not even attempted to do so. Moreover, Ethicon has made no showing of imminent irreparable harm, which would be essential to justify early discovery. These facts, combined with the prejudice to Intuitive Surgical of producing competitively sensitive product development materials to a competitor, and the early stage of the case, preclude expedited discovery.

I.  BACKGROUND

Intuitive Surgical is a pioneer in the field of medical robotics. Declaration of Robert DeSantis ¶ 3. Over the past twenty years, surgeons have adopted Intuitive Surgical's *da Vinci* surgical system to perform robotic-assisted surgery because it enables surgeons to perform laparoscopic procedures with greater dexterity, precision, and visualization. *Id. da Vinci* systems include robotic arms that hold "EndoWrist" instruments, such as graspers, scissors, and staplers, as well as endoscopic cameras. The surgeon at the control console views the surgical field in high-definition stereoscopic three-dimensional vision and controls instruments with hand and foot controls. *Id.* ¶ 4. Unlike manual instruments, such as those sold by Ethicon, Intuitive

Surgical's instruments can be articulated to provide the same degrees of freedom as the human hand, providing surgeons greater dexterity during surgery.  *Id.* ¶ 6.  The *da Vinci* system and associated technologies reflect the work of hundreds of talented engineers and scientists, required the investment of hundreds of millions of dollars in development, and has resulted in a patent portfolio of over 4500 patents and applications worldwide.  *Id.* ¶ 5.

Ethicon does not currently make a robotic surgical system, but it hopes to do so.  DeSantis Decl. ¶ 9.  Ethicon markets manual staplers.  Compl. ¶ 22–23.  Ethicon's "Endocutter" staplers are handheld instruments, which a surgeon operates by manipulating control inputs manually.  Desantis Decl. ¶ 6.

Beginning on June 30, Ethicon's counsel sent a series of letters demanding samples and documentation concerning what it believes to be a 60mm stapler set for release "in the latter half of 2017."  Weiswasser Decl. (D.I. 15), Exs. 4–11.  Ethicon demanded that Intuitive Surgical provide these highly confidential, competitively sensitive materials to Ethicon's in-house litigation counsel.  *Id.*, Ex. 8.

Intuitive Surgical has never marketed or made available for purchase a 60mm stapler.  Nor has Intuitive Surgical submitted a final design to the FDA for 510(k) clearance to market.  Weiswasser Decl. (D.I. 15), Ex. 2 at 4 ("We will tell you when we file that with the FDA for a 501(k).").  ███████████████████████████████

None of the evidence submitted by Ethicon contains a timeline for the release of a 60mm stapler by Intuitive Surgical.  On the July 21, 2017 earnings call relied upon by Ethicon, which occurred just eight days before Ethicon filed its motion, Intuitive Surgical's CEO stated: "We have not yet predicted or publicly disclosed what the expected time lines are.  We do have to take note of the development of those things.  Approach maturity, we'll share with you where we

are." Weiswasser Decl. (D.I. 15), Ex. 3 at 8.  Ethicon has refused to identify its source for its claim of a 2017 release date, but Intuitive Surgical has not promised one.

## II.     ARGUMENT

### A.     Ethicon is not entitled to discovery of an unreleased, un-accused product.

A product that "is still in the stages of research and development" and that has not yet been made commercially available or obtained FDA approval is "outside the scope of discovery" in a patent infringement case.  *Fenster Family Patent Holdings, Inc., Elscint Ltd.*, C.A. No. 04-038-JJF, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005); *see also EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31, 32–34 (D.D.C. 2012) (refusing to allow discovery into prototypes that had been publicly displayed but had not yet been released; the scope of discovery "is not so broad as to require the discovery of products that do not yet exist in a final form."); *PersonalWeb Techs., LLC v. Google Inc.*, No. C13-01317 EJD (HRL), 2014 WL 4088201, at *4 (N.D. Cal. Aug. 19, 2014) (same); *Microsoft Corp. v. Multi-Tech Sys.*, 2001 U.S. Dist. LEXIS 23155 *17–21 (D. Minn. Dec. 14, 2001) (same).

Ethicon's complaint accuses 30mm and 45mm EndoWrist staplers; it does not accuse any 60mm product, but rather concedes that "Defendants do not currently offer" a 60 mm stapler. Compl. ¶¶ 24–36 & Exs. A–L.  Although Intuitive Surgical has announced plans to develop a 60mm stapler for use with its robotic surgical system, as in the above-cited cases, it has never been marketed or released for sale.  Nor has Intuitive Surgical submitted one for 510(k) clearance by the FDA, which is required at least ninety days prior to offering one for sale.  21 C.F.R. § 807.81. █████████████████████████████████████████

████████████████████████████████████████████████████████████████████

Furthermore, Intuitive Surgical's development of new products is protected by the safe harbor of 35 U.S.C. § 271(e), which protects from claims of patent infringement the manufacture

3

and use of medical devices for purposes reasonably related to the submission of data to the FDA.. Granting discovery into Intuitive Surgical's unreleased product would run afoul not only of this Court's precedent but of the purpose of the safe harbor itself.

Regardless, even if Ethicon could justify discovery regarding unreleased products, it would still have to show that Intuitive Surgical's 60mm stapler is "reasonably similar" to the accused staplers. Under this Court's holding in *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 279 (D. Del. 2012), Ethicon must "articulate, in a focused, particularized manner, the characteristics or components that the unaccused products must have in order to suggest that they may infringe the patents-in-suit." *Id.* (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990)); "[S]uspicion or speculation" will not be enough. *Id.*; *see also Micro Motion,* 894 F.2d at 1327 ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery,* not to find out if it has any basis for a claim."); *EON Corp. IP Holdings, LLC v. FLO TV Inc.*, C.A. No. 10-812-RGA, 2013 WL 5882005, at *4 (D. Del. July 18, 2013), *report and recommendation adopted,* 2013 WL 5883759 (D. Del. Oct. 30, 2013) (denying discovery of un-accused products); *Tesseron, Ltd. v. R.R. Donnelley & Sons Co.*, No. 1:06 CV 2909, 2007 WL 2034286 at *5 (N.D. Ohio July 10, 2007) (denying discovery of un-accused products); *Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 558 (N.D. Cal.2003) (same).

Here, Ethicon does not even attempt to explain why it believes that an unreleased 60mm stapler— ███████████████ —infringes in a manner "reasonably similar" to the infringement theories advanced for the accused 30mm and 45mm EndoWrist staplers. Ethicon cannot simply assume that a 60mm stapler would operate in the same way as the accused staplers. An "assumption" that products in the same *category* infringe in the same way is not

4

sufficient. *Tesseron*, 2007 WL 2034286, at *5. Indeed, the un-accused products in *Invensas* were of the same *category* as the accused ones, but this Court nevertheless asked the plaintiffs to demonstrate "*why* the [un-accused] product meets [the] limitations" asserted against the accused products in the same way. 287 F.R.D. at 285. The courts in *Caliper* and *Tesseron* also rejected speculation based on the same assumption.[1]

      **B.    Ethicon has failed to demonstrate good cause for expedited discovery.**

A party requesting discovery before a Rule 26(f) conference bears the burden of demonstrating good cause for deviating from the Federal Rules. *Kone Corp. v. ThyssenKrupp USA, Inc.*, C.A. No. 11-465-LPS-CJB, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011). Courts "weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party." *Id*. The relevant factors include the timing of the discovery requests, "including whether a preliminary injunction hearing has been scheduled," the scope and purpose of the requests, and the burden to the respondent. *Id.* The merits of the underlying claims and the ability of the requesting party to show irreparable harm are also relevant. *See Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, No. CIV. 13-4255 NLH/JS, 2013 WL 4080648, at *3 (D.N.J. Aug. 13, 2013); *Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd.*, 765 F. Supp. 2d 87, 88 (D. Mass. 2011).

*First*, Ethicon has made no showing of urgency. The core of Ethicon's motion is that it suspects "Intuitive intends to seek to capture [the bariatric surgery] market" by releasing a 60mm EndoWrist stapler. But Intuitive Surgical has not released a 60mm stapler, nor submitted a design for FDA approval, █████████████████████. And there is no reason to

---

[1] Ethicon's motion simply asserts it is entitled to discovery by footnoting a single distinguishable case. *See Advanced Micro Devices, Inc. v. Samsung Elecs. Co.*, No. C 08-986 SI, 2009 WL 1834147, at *3 (N.D. Cal. June 24, 2009) (finding "reasonable similarity" based on description of how un-accused product worked that was tied to the elements of the accused products).

5

believe that the release of such a device would result in irreparable harm to Ethicon that must be remedied through equitable relief as opposed to money damages. *See Abbott Labs. v. Andrx Pharm., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006) ("generic competition" that "will impact . . . sales . . . alone does not establish that [the plaintiff's] harm will be irreparable."); *Automated Merch. Sys., Inc. v. Crane Co.*, 357 F. App'x 297, 301 (Fed. Cir. 2009) ("Lost sales (without more) are presumed to be compensable through damages."). Ethicon also fails to establish that, if Intuitive Surgical released a 60mm stapler, Ethicon would lose sales to Intuitive Surgical, as opposed to one of Ethicon's substantial existing competitors in the stapler market, such as Covidien (now Medtronic). DeSantis Decl. ¶ 10; *See EMC Corp. v. Zerto, Inc.*, No. CV 12-956(GMS), 2016 WL 1291757, at *13 (D. Del. Mar. 31, 2016), *aff'd*, No. 2016-1856, 2016-1883, 2017 WL 2533522 (Fed. Cir. June 12, 2017) (finding no irreparable harm in "highly competitive" market.).

Ethicon's claim that it will show irreparable harm in a future motion is particularly suspect because it has delayed years in bringing this lawsuit, even though it concedes that Intuitive Surgical's EndoWrist staplers have been on the market for years and used in bariatric surgeries, among others. *See* Jain Decl. (D.I. 14) ¶ 8 (claiming Intuitive Surgical's penetration in the bariatric market has not been "significant"). Although Intuitive Surgical's 45mm EndoWrist instruments have been on the market since March 2013, Ethicon has never alleged patent infringement, much less sought injunctive relief. DeSantis Decl. ¶ 11.

***Second***, expedited discovery will prejudice Intuitive Surgical. Ethicon seeks highly sensitive competitive intelligence about Intuitive Surgical's development of future products based on an unsupported theory of infringement. Ethicon would not be entitled to this scope of discovery under normal circumstances, much less early discovery. Ethicon demands access to

6

Intuitive Surgical's prototypes, even by its in-house litigation counsel, and it has requested FDA-related documents that have nothing to do with its potential preliminary injunction motion. The prejudice to Intuitive Surgical that this discovery could be misused, whether accidentally or otherwise, weighs heavily against Ethicon.[2]

***Third***, Ethicon has not filed a motion for a preliminary injunction, a fact that is often fatal to a request for expedited discovery. *See Kone*, 2011 WL 4478477, at *5; *id.* at *6 & n.7. Indeed, "[t]he majority of courts have held [] that the fact that there was no pending preliminary injunction motion weighed against allowing plaintiff's motion for expedited discovery." *Momenta*, 765 F. Supp. 2d at 89; *see also Wilcox Indus. Corp. v. Hansen*, 279 F.R.D. 64, 71 (D.N.H. 2012) (in absence of motion, the "request lacks a frame of reference"); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (plaintiff's request for expedited discovery and promise to file motion for preliminary injunction were speculative, especially because plaintiff could not show public statements of a product release timeline or design details of product).

Here, far from making the sort of showing that accompanies a preliminary injunction motion (which Ethicon could not), this motion is little more than a promise to evaluate Intuitive Surgical's unreleased, ███ prototype to determine *whether* it infringes. *See* Mot. (D.I. 13) at 7 (stating Ethicon seeks discovery to "confirm" the 60mm stapler infringes). Ethicon's position is no different than the plaintiff's in *Momenta*, which sought discovery to determine

---

[2] A further source of prejudice is that Ethicon argues for one-way discovery while it attempts to discern if it has a claim against a 60mm product. But if Ethicon were entitled to discovery on grounds that a preliminary injunction motion were imminent, then Intuitive Surgical must be able to take discovery, for purposes of defending that motion, into damages, market share, revenue figures, and the underlying merits of the patent infringement claim, including inventorship, conception and reduction to practice, and prior art. Ethicon has not begun to justify such wide-ranging discovery at this stage of the case, and anything less would be manifestly inequitable.

7

"whether to move for a preliminary injunction." 765 F. Supp. 2d at 88. And this is a contrast to *Kone*, which concerned accused products, not unreleased, un-accused ones. *Id.* at *5. Further, Ethicon has not even endeavored to show irreparable harm, stating instead that it will provide a "fully-developed irreparable harm analysis" if it files its motion.[3] Mot. (D.I. 13) at 7.

*Fourth*, this case is in its earliest stages, unlike *Kone*, where the plaintiff sought early discovery ten weeks after filing a motion for preliminary injunction and more than three months after the filing of an amended complaint, which had been answered. The Court there found the defendants had "a fair opportunity to assess the issues in dispute," since the "'early' stage" of the litigation had passed. *Kone*, 2011 WL 4478477 at *5–6. And absent the preliminary injunction motion in *Kone*, "the parties would otherwise have commenced the discovery process." *Id.* at *6. Here, by contrast, the instant motion was filed less than a month after the complaint, no answer has been filed, and Intuitive Surgical is still evaluating its Rule 12 options.

## III.   CONCLUSION

Intuitive Surgical respectfully requests that the Court deny Ethicon's motion in full.

---

[3] Ethicon's cases to the contrary are easily distinguished. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (defendant conceded discovery was relevant, that it would be produced in a few weeks regardless, product had been released, and plaintiff was unable to secure inspection through other means for over a year); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (ordering Samsung to produce samples of unreleased phones because it already released thousands publicly and featured them in marketing materials that showed reasonable similarity to accused phones); *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1048 (N.D. Cal. 2011) (distinguishing court's earlier order in denying discovery of unreleased Apple devices); *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW PVT, 2010 WL 143665, at *1 (N.D. Cal. Jan. 7, 2010) (granting expedited discovery before preliminary injunction motion out of concern foreign defendant would "abscond" with proceeds of clearly infringing sales); *Kimberly-Clark Worldwide Inc. v. First Quality Baby Prods. LLC*, No. 09-cv-916, D.I. 97, Slip Op. at 3 (E.D. Wis. Jan. 29, 2010) (ordering discovery of *third party customer* where defendant represented it modified machines to not infringe, but refused inspection of them, and court was concerned relevant evidence of modification would be destroyed).

|  | Respectfully submitted, |
|---|---|
|  | */s/ David M. Fry* |
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Robert A. Van Nest | Karen E. Keller (No. 4489) |
| Brian Ferrall | David M. Fry (No. 5482) |
| R. Adam Lauridsen | SHAW KELLER LLP |
| Bill Hicks | I.M. Pei Building |
| Eduardo E. Santacana | 1105 North Market Street, 12th Floor |
| KEKER VAN NEST & PETERS LLP | Wilmington, DE 19801 |
| 633 Battery Street | (302) 298-0700 |
| San Francisco, CA 94111 | jshaw@shawkeller.com |
| (415) 391-5400 | kkeller@shawkeller.com |
|  | dfry@shawkeller.com |
| Dated:  August 11, 2017 | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I, David M. Fry, hereby certify that on August 11, 2017 this document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Brian P. Egan<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>began@mnat.com | Diane P. Sullivan<br>WEIL GOTSHAL & MANGES, LLP<br>17 Hulfish Street, Suite 201<br>Princeton, NJ 08542<br>(609) 986-1120<br>diane.sullivan@weil.com |
| Elizabeth Stotland Weiswasser<br>Anish R. Desai<br>WEIL GOTSHAL & MANGES, LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8000<br>elizabeth.weiswasser@weil.com<br>anish.desai@weil.com | Christopher T. Marando<br>Christopher M. Pepe<br>WEIL GOTSHAL & MANGES, LLP<br>1300 Eye Street, N.W., Suite 900<br>Washington, D.C. 20005<br>(202) 682-7000<br>christopher.marando@weil.com<br>christopher.pepe@weil.com |

*/s/ David M. Fry*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5482)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*