# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHICON LLC, ETHICON ENDO-SURGERY, INC., and ETHICON US LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., INTUITIVE SURGICAL OPERATIONS, INC, and INTUITIVE SURGICAL HOLDINGS, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 17-871-LPS-CJB |

## MEMORANDUM ORDER

At Wilmington this **16th day of August, 2017**.

**WHEREAS**, the Court has reviewed Plaintiffs' Motion for a Conference with the Court and Limited Expedited Discovery (the "Motion"), (D.I. 13), and the parties' related briefing and declarations, (D.I. 13, 14, 15, 17, 18);

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. Plaintiffs Ethicon LLC, Ethicon Endo-Surgery, Inc., and Ethicon US LLC (collectively, "Ethicon") request limited expedited discovery of Defendants Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc., and Intuitive Surgical Holdings, LLC's (collectively, "Intuitive") "60 mm endocutter products."[1] (*See, e.g.*, D.I. 13 at 5) Ethicon states that it "intends to file a preliminary injunction motion against Intuitive's 60mm endocutter products, but it first needs a limited set of materials to confirm infringement[.]" (*Id.* at 1) As a purported basis for a

---

[1] "An endocutter is an instrument that cuts and staples tissue during surgical procedures and is particularly useful in minimally-invasive laparascopic surgeries." (D.I. 14 at ¶ 5)

preliminary injunction motion, Ethicon asserts that "[u]pon information and belief, Intuitive is currently making and using its 60mm endocutter products in the United States and has publicly stated its imminent plans to launch these products commercially[,]" and that "Intutive's launch of its 60mm endocutter products will likely infringe Ethicon's patents and will irreparably harm Ethicon." (*Id.*) The following materials are sought:

    a.    Five samples of Intuitive's 60 mm endocutter products;

    b.    Documents sufficient to describe the design and function of Intuitive's 60mm endocutter products; and

    c.    Any FDA approvals for Intuitive's 60mm endocutter products.

(*Id.* at 1-2)

2. Generally, a "party may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f)[,]" Fed. R. Civ. P. 26(d)(1), but courts may, in their discretion, allow expedited discovery when warranted, *id.* A party seeking expedited discovery must show "good cause" for its motion, such that the request is "reasonable" in light of the relevant circumstances. *Kone Corp. v. ThyssenKrupp USA, Inc.*, Civ. Action No. 11-465-LPS-CJB, 2011 WL 4478477, at *4-5 (D. Del. Sept. 26, 2011) (internal quotation marks and citation omitted). Under this "reasonableness" standard, the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as: (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent. *Id.* Ethicon asserts that there is good cause for its request because

"Ethicon believes such products will infringe its patents[] but needs to confirm to show likelihood of success." (D.I. 13 at 6-7) It further contends that its forthcoming preliminary injunction motion "will demonstrate the irreparable harm that Intuitive's imminent launch will cause it." (*Id.* at 7)

3. With regard to the first factor, the timing and context of Ethicon's discovery request weighs against the grant of its Motion. As Intuitive notes, the instant Motion was filed less than one month after the Complaint, at a time when no Answer has been filed, "and Intuitive [] is still evaluating its Rule 12 options." (D.I. 17 at 8) Moreover, as of now, Ethicon has not filed a motion for a preliminary injunction, which "[t]he majority of courts have held . . . weigh[s] against allowing [a] plaintiff's motion for expedited discovery." *Momenta Pharms., Inc. v. Teva Pharms. Indus. Ltd.*, 765 F. Supp. 2d 87, 89 (D. Mass. 2011) (citing cases); *cf. Kone*, 2011 WL 4478477, at *6 (noting that the timing and context of plaintiff's motion for expedited discovery weighed in favor of granting the motion, but in a case where the motion was filed roughly three months after the plaintiff filed a preliminary injunction motion, since granting the motion would not "force Defendants to provide acess to their documents . . . before they have had a fair opportunity to assess the issues in dispute, or to catalogue the relative strengths and weaknesses of their case"). Ethicon points to three cases in which courts "have found expedited discovery appropriate where a plaintiff sought to gather evidence in support of a potential preliminary injunction." (D.I. 13 at 7) However, the Court agrees with Intuitive that these cases "are easily distinguished" from the case at hand. (D.I. 17 at 8 n.3)

4. In *Apple Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154 (N.D. Cal. May 18, 2011), the court ordered the defendant to produce samples of

unreleased phones, but based its decision in part on the fact that the defendant had "already released images and samples of its forthcoming products to the media and members of the public." *Apple*, 2011 WL 1938154, at *3. Indeed, in a later decision in the same case, the *Apple* Court noted that it had "emphasized that [defendant] had already released significant information about its forthcoming products into the public domain[,]" including the release of 5,000 samples of one of defendant's accused, newly-developed products. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 768 F. Supp. 2d 1040, 1048 (N.D. Cal. 2011). The instant Motion, by contrast, seeks discovery into a product that Intuitive "has never marketed or made available for purchase[.]" (D.I. 17 at 2; D.I. 18 at ¶ 8) Moreover, Intuitive has not submitted a final design of the product to the United States Food and Drug Administration ("FDA") for 510(k) clearance to market. (D.I. 15, ex. 2 at 4) ████████████

████ ██ █

5.  *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW (PVT), 2010 WL 143665 (N.D. Cal. Jan. 7, 2010) involved a defendant that had already begun accepting "'pre-orders'" for the relevant product, and the plaintiff was concerned that the defendant "may abscond with the proceeds [of infringing sales] abroad." 2010 WL 143554, at *1. Ethicon alleges no similar facts here.

6.  Finally, in *Kimberly-Clark Worldwide Inc. v. First Quality Baby Products LLC*, Case No. 09-C-916, D.I. 97 (E.D. Wis. Jan. 29, 2010), the plaintiffs sought discovery relating not to an unreleased product, but to a manufacturing process that was already being used by the defendant in the marketplace. *See Kimberly-Clark*, Case No. 09-C-916, D.I. 80 at 1, 3. That is not the circumstance at play here.

7.  With regard to the second factor—the scope and purpose of Ethicon's request—the Court understands that some discovery may be helpful for Ethicon to "confirm that Intuitive's 60mm endocutters infringe, which is relevant both to Ethicon's likelihood of success and the causal nexus aspect of irreparable harm." (D.I. 13 at 7)[2] But normally, a party that accuses another of patent infringement is first required to articulate a basis for such allegations in a pleading—without getting the prior opportunity to force access to its opponent's confidential documents, all in order to "confirm" whether its assertions are well-founded. *Cf. Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.") (emphasis in original); *Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, Civil No. 13-4255 (NLH/JS), 2013 WL 4080648, at *2 (D.N.J. Aug. 13, 2013) (explaining that even under a flexible "reasonableness" standard, since the burden is on the moving party to show that expedited discovery is appropriate, this indicates that "there is a presumption against expedited discovery that must be rebutted by the moving party[,]" and that expedited discovery should not "become the norm rather than the exception"). And here, Ethicon has not set forth good cause as to why there are exigent circumstances that dictate a departure from that normal procedure. While it suggests that Intuitive's launch of a 60mm endocutter product is "imminent[,]" (D.I. 13 at 7), the evidence of record suggests that this is not the case. ███████████████████████████

---

[2] Despite its statement that it now wishes to "confirm" Intuitive's infringement, Ethicon has already informed Intuitive that Ethicon's allegations as to the 60mm endocutter device are not allegations about "'potential'" infringement, but instead, are allegations regarding what Ethicon already knows to be "ongoing infringement." (D.I. 15, ex. 10 at 1)

5

███ it is notable that Intuitive has not submitted such a product for 510(k) clearance by the FDA, which Intuitive is required to do at least 90 days prior to offering the product for sale. 21 C.F.R. § 807.81(a); *see also* (D.I. 17 at 3).[3]

8. Finally, as to the nature of the burden on the respondent, it appears that Intuitive would face some prejudice if the Court were to grant Ethicon's request. This is because "Ethicon seeks highly sensitive competitive intelligence about Intuitive[']s development of future products" based upon a theory of infringement that has not yet been articulated in a pleading. (*Id.* at 6) While the record is not robust on the burden issue, "[t]he prejudice to Intuitive [] that this discovery could be misused, whether accidentally or otherwise," (*id.* at 7), is a factor that the Court considers.

9. For these reasons, the Court finds that Ethicon has not shown good cause for its Motion, and hereby DENIES the Motion.[4]

10. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order. Any such redacted version shall be submitted no later than **August 23, 2017** for review by the Court, along with a motion for redaction that includes a clear, factually-detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking

---

[3] As support for the assertion that Intuitive's commercialization of a 60mm endocutter device is "imminent[,]" (D.I. 14 at ¶ 9), Ethicon cites to a June 2017 presentation from Intuitive's Chief Financial Officer ("CFO") in which the Intuitive CFO states only that the company is "working on" the device, (D.I. 15, ex. 2 at 4).

[4] Ethicon's request for a conference with the Court, (D.I. 13), is also DENIED.

closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE