# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———
(302) 658-9200
(302) 658-3989 FAX

JACK B. BLUMENFELD
(302) 351-9291
jblumenfeld@mnat.com

December 19, 2017

The Honorable Christopher J. Burke                    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:    *Ethicon LLC et al. v. Intuitive Surgical, Inc. et al.*, C.A. No. 17-871 (LPS)(CJB)

Dear Judge Burke:

In accordance with the Court's November 13, 2017 direction, the parties have met and conferred and submit the following proposal regarding reducing the asserted claims and prior art references:

| Date | Case Event or Deadline | Ethicon's Proposal | Intuitive Surgical's Proposal |
|---|---|---|---|
| 2/8/2018 | Initial Infringement Contentions | 52 claims | 24 claims |
| 3/20/2018 | Initial Invalidity Contentions | 182 prior art arguments[1] | 32 total references and 96 prior art arguments |
| 4/3/2018 | N/A | 30 claims | N/A |
| 4/17/2018 | N/A | 36 total references and 108 prior art arguments | N/A |
| 11/15/2018 | Final Infringement Contentions | 18 claims | 12 claims |
| 12/10/2018 | Final Invalidity Contentions | 18 total references, and 54 prior art arguments | 16 total references and 48 prior art arguments |

---

[1]    A "prior art argument" according to either party's proposal is defined in *Confluent Surgical, Inc. v. HyperBranch Med. Tech., Inc.,* C.A. 17-688-LPS-CJB (Oct. 30, 2017 Oral Order).

The Honorable Christopher J. Burke
December 19, 2017
Page 2

**Ethicon's Position.**[2] Ethicon's First Amended Complaint asserts 7 patents that cover distinct features of the accused *EndoWrist* stapling products and their compatible robotic systems.[3] Intuitive provided its first technical document production just days ago, on 12/15, and Intuitive, while pleading noninfringement and invalidity, has yet to provide any specific allegations for either. Under these circumstances, Ethicon proposes a 3-stage framework for distilling the case down to a narrowed set of asserted claims—(1) February 8, 2018 (asserting 52 claims in initial infringement contentions out of the 145 total claims in the seven patents); (2) April 3, 2018 (reducing the asserted claims to 30 claims in advance of the May 2, 2018 exchange of claim terms for construction); and (3) November 15, 2018 (reducing the asserted claims to 18 claims in final infringement contentions). Ethicon further proposes a reciprocal prior art argument reduction at each stage, culminating with 3 prior art arguments per claim in Intuitive's final contentions. This is an eminently reasonable compromise that allows the case narrowing to be proportional to the development of the case. Indeed, Intuitive was clearly amenable to this framework because it offered proposals to Ethicon during the parties' negotiation that differed only in the number of claims and prior art references. *See* Ex. 1 at 3 (Intuitive proposing as "option 2" 52 asserted claims on 2/8/2018, 24 asserted claims on 4/3/2018, and 15 asserted claims on 11/15/2018). Intuitive's "option 2" proposal was not acceptable for other reasons,[4] but the parties at least in principle agreed to a 3-stage claim narrowing framework.

Intuitive does not present to the Court the options it proposed to Ethicon on 12/18. Rather, Intuitive reverts to a previous proposal, abandoning the progress the parties made in the negotiation. *See* Ex. 1 at 3-4. In its proposal, Intuitive asks Ethicon to reduce to 24 asserted claims in February 2018 initial infringement contentions—less than half of the 52 claims asserted in the complaint—***before*** Intuitive has provided any noninfringement or invalidity contentions. There is no justification for requiring Ethicon to reduce claims before Intuitive has provided any details regarding its affirmative defenses.[5] This is particularly so given that Ethicon has agreed to narrow the case to 30 asserted claims just 2 months later in April 2018. Intuitive also seeks to limit Ethicon to 12 claims—less than 2 per patent—by final infringement contentions. This is unreasonably low, especially when considering that Intuitive, during the negotiations, proposed options under which Ethicon would have 15 claims for final infringement contentions. *See* Ex. 1 at 3. Meanwhile, Intuitive's proposal seeks to maintain 4 prior art

---

[2]   In the event the Intuitive 60mm stapler is added to this case, Ethicon may seek to revisit any case narrowing limits that are adopted if there is good cause for doing so.

[3]   The accused stapler features include, for example, a closure cam and separate opening member, distinct firing and closing mechanisms, a transmission mechanism, a gear arrangement, and mechanisms for selectively receiving power.

[4]   Intuitive's "option 2" proposal sought to impose a limit on the number of asserted claims for Ethicon's initial infringement contentions but no limit on the number of prior art references in Intuitive's initial invalidity contentions. *See* Ex. 1 at 2-3.

[5]   *Confluent* was a second related case. The developments in the first *Confluent* case likely apprised plaintiff of affirmative defenses such that plaintiff could reduce to 30 claims in initial infringement contentions rather than after initial invalidity contentions as Ethicon proposes.

The Honorable Christopher J. Burke
December 19, 2017
Page 3

arguments per claim through final invalidity contentions. This is an unreasonably high limit. *See Confluent, supra* (limiting final contentions to 3 prior art arguments per claim). There is no basis for such aggressive claim narrowing accompanied by such relaxed prior art narrowing.

**Intuitive Surgical's Position.** Requiring Plaintiffs to narrow their case to 24 claims by the February 8, 2018 service of their infringement contentions is reasonable and serves judicial efficiency. For example, in a recent case, the Court required a plaintiff to narrow its seven-patent, 86-claim case to 30 claims by submission of initial infringement contentions. *See Confluent Surgical, Inc. et al v. HyperBranch Medical Technology, Inc.*, C.A. No. 17-688-LPS-CJB, D.I. 28 (D. Del. Oct. 30, 2017). For the seven patents-in-suit here, there are only four different specifications, so 24 claims should provide Plaintiffs with sufficient ability to pursue their case at this stage.

Additionally, the Court has recognized the efficiency of significantly narrowing claims before Markman briefing begins. *See*, *e.g.*, Greatbatch *Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS, D.I. 368; *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS, D.I. 85 (D. Del. Sept. 17, 2013) (narrowing to 15 claims); *Softview, LLC v. Apple, Inc. & AT&T Mobility, LLC*, C.A. No. 10-389-LPS, D.I. 105 at 35 (D. Del. Sept 6, 2011) (narrowing to 20 claims).

This narrowing will remove the unnecessary burden on Defendants of developing non-infringement arguments, searching for prior art, and creating charts of prior art on claims that ultimately will not be at issue in the case. Under Plaintiffs' proposal, nearly ***half*** of the claims Defendants chart will be jettisoned by Plaintiffs immediately after Defendants undertake the burden of invalidity contentions. Plaintiffs will have had Defendants' core technical documents for over six weeks when their infringement contentions are due—more than sufficient time to evaluate which of their claims they wish to pursue. Defendants' proposal saves both parties the time and expense of charting claims that will be abandoned shortly thereafter.

In contrast, Plaintiffs' proposal does not narrow the claims sufficiently and waits too long to do it. First, Plaintiffs' proposed 52-claim limit for infringement contentions (due February 8, 2018) is not actually narrowing the case. Plaintiffs alleged 52 claims in their amended complaint, and already represented to the Court that they would not *add* any claims to those 52 as part of their infringement contentions. D.I. 54 at 7:20-25. Plaintiffs proposal thus does not narrow the case before infringement contentions; it just maintains the status quo. Second, and related, Plaintiffs' proposal unreasonably requires Defendants to narrow their prior art arguments before Plaintiffs have engaged in any claim narrowing. If Plaintiffs are allowed to serve infringement contentions containing all the claims they thought worthy of including in their amended complaint, Defendants should be allowed similar freedom in their invalidity contentions. Finally, Plaintiffs' proposal ultimately fails to reduce the total number of claims to a realistically triable number. If the case eventually will need to be cut down to fewer than 18 claims spread over seven patents, that process should begin sooner rather than later to save the Court from considering unnecessary issues and the parties from litigating them.

The Honorable Christopher J. Burke
December 19, 2017
Page 4

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/dlw

Enclosure

cc:     Clerk of Court (Via Hand Delivery; w/ encl.)
        All Counsel of Record (Via Electronic Mail; w/ encl.)