# EXHIBIT 1

# Marando, Christopher

| | |
|---|---|
| **From:** | Marando, Christopher |
| **Sent:** | Tuesday, December 19, 2017 12:17 PM |
| **To:** | 'Adam Lauridsen'; STAPLE-KVP |
| **Cc:** | John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Weiswasser, Elizabeth; Pepe, Christopher; Desai, Anish |
| **Subject:** | RE: Ethicon/Intuitive - Initial Disclosures |

Adam,

Thanks for your proposals, but we believe we've reached an impasse on these issues. Option 1 is not acceptable at least because it requires Ethicon to commit to significant claim narrowing before Intuitive has provided any information regarding its affirmative defenses. While we agree in principle to 3-stages of claim narrowing as proposed in option 2, this option is also not acceptable at least because it does not include reciprocal prior art limits with initial invalidity contentions. We propose that the parties exchange the respective portions of the joint letter to the Court by 2:30pm eastern. Ethicon will submit the letter. We will include at the outset the language and table below with the parties' proposals.

Thanks,
Chris

Dear Judge Burke:

In accordance with the Court's November 13, 2017 direction, the parties have met and conferred and submit the following proposal regarding reducing the asserted claims and prior art references:

| Date | Case Event or Deadline | Ethicon's Proposal | Intuitive Surgical's Proposal |
|---|---|---|---|
| 2/8/2018 | Initial Infringement Contentions | 52 claims | 24 claims |
| 3/20/2018 | Initial Invalidity Contentions | 182 prior art arguments[1] | 32 total references and 96 prior art arguments |
| 4/3/2018 | N/A | 30 claims | N/A |
| 4/17/2018 | N/A | 36 total references and 108 prior art arguments | N/A |
| 11/15/2018 | Final Infringement Contentions | 18 claims | 12 claims |
| 12/10/2018 | Final Invalidity Contentions | 18 total references, and 54 prior art arguments | 16 total references and 48 prior art arguments |

[1] A "prior art argument" according to either party's proposal is defined in *Confluent Surgical, Inc. v. HyperBranch Medical Technology, Inc.*, C.A. 17-688-LPS-CJB (October 30, 2017 Oral Order).

**From:** Adam Lauridsen [mailto:ALauridsen@keker.com]
**Sent:** Monday, December 18, 2017 5:40 PM

**To:** Marando, Christopher; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Weiswasser, Elizabeth; Pepe, Christopher; Desai, Anish
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris,

As specified in my second proposal, the first narrowing would be by plaintiffs on 4/3/18 and by defendants on 4/17/18.  Neither party would engage in narrowing on 2/8/18 or 3/20/18.  Plaintiffs previously told the Court that they did not plan to add claims as part of their initial infringement contentions, so Plaintiffs' 2/8/18 contentions would include no more than the original 52 claims.  Tr. (Nov. 13, 2017) at 7:20-25.

Best,

Adam

---

**From:** Marando, Christopher [mailto:Christopher.Marando@weil.com]
**Sent:** Monday, December 18, 2017 12:52 PM
**To:** Adam Lauridsen; STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Elizabeth Weiswasser; Pepe, Christopher; Desai, Anish
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Adam,

Under option 2, can you please clarify Intuitive's proposal for 2/8/2018 and 3/20/2018?

Thanks,
Chris

---

**From:** Adam Lauridsen [mailto:ALauridsen@keker.com]
**Sent:** Monday, December 18, 2017 1:42 PM
**To:** Marando, Christopher; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Weiswasser, Elizabeth; Pepe, Christopher; Desai, Anish
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris,

Let's just extend it to 12/19.  I presume you'll be able to get us an answer later today after your team gets out of meetings?

Thanks,

Adam

---

**From:** Marando, Christopher [mailto:Christopher.Marando@weil.com]
**Sent:** Monday, December 18, 2017 10:09 AM
**To:** Adam Lauridsen; STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Elizabeth Weiswasser; Pepe, Christopher; Desai, Anish
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Hi Adam,

2

Thanks for your email. We'll need additional time to consider your proposals as our team is in meetings today. Can you please let us know if we have Intuitive's approval to file the stipulation? If so, David can you please provide authorization to sign?

Thanks,
Chris

---

**From:** Adam Lauridsen [mailto:ALauridsen@keker.com]
**Sent:** Monday, December 18, 2017 12:43 PM
**To:** Marando, Christopher; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Weiswasser, Elizabeth; Pepe, Christopher; Desai, Anish
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris,

We appreciate your efforts to narrow the case, but reducing to 30 claims only after initial contentions is not sufficient and will lead to significant inefficiency.  In an effort to bridge the gap and to avoid burdening the Court with this dispute, we propose the following options:

1.  Ethicon narrows to 30 claims on 2/8/18, Intuitive narrows to 40 total references and 120 prior art arguments on 3/20/18, Ethicon narrows to 15 claims on 11/15/18, Intuitive narrows to 20 total references and 60 prior art arguments on 12/10/18.

OR

2.  Ethicon narrows to 24 claims on 4/3/2018, Intuitive narrows to 32 total references and 96 prior art arguments on 4/17/18, Ethicon narrows to 15 claims on 11/15/18, Intuitive narrows to 20 total references and 60 prior art arguments on 12/10/18.

To avoid any confusion, these proposals are not mix-and-match, and our agreement to your proposed narrowing in the second half of 2018 is contingent on your agreement to our proposed narrowing in the first half of 2018.  Ethicon either needs to engage in earlier narrowing than it has proposed or, if it wants the later narrowing date, cut down the case to a smaller number of claims than it proposed.  If the parties cannot reach an agreement, Intuitive will propose to the Court the narrowing outlined in my 12/15/18 email.

Let us know if you'd like to discuss.  We'd prefer to get this resolved today, but we can extend the deadline if necessary.

Best,

Adam

---

**From:** Marando, Christopher [mailto:Christopher.Marando@weil.com]
**Sent:** Monday, December 18, 2017 9:02 AM
**To:** STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Elizabeth Weiswasser; Pepe, Christopher; Desai, Anish
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Counsel,

Since we are waiting for a response to our latest proposal, we think it makes sense to stipulate to extend the deadline to submit the case narrowing proposal until 12/20. Please find attached a draft stipulation. Please let us know if we have your permission to file.

Thanks,
Chris

---

**From:** Desai, Anish
**Sent:** Friday, December 15, 2017 6:10 PM
**To:** Adam Lauridsen; Marando, Christopher; Brian Ferrall; Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Weiswasser, Elizabeth; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Adam- Below is our proposed compromise.  Let us know if this is acceptable to Intuitive.

| Date | Ethicon Proposal |
|---|---|
| 2/8/2018 | 52 claims |
| 3/20/2018 | 182 prior art arguments |
| 4/3/2018 | 30 claims |
| 4/17/2018 | 36 total references<br>108 prior arguments |
| 11/15/2018 | 18 claims |
| 12/10/2018 | 18 total references<br>54 prior art arguments |

Best
Anish

---

**From:** Adam Lauridsen [mailto:ALauridsen@keker.com]
**Sent:** Friday, December 15, 2017 3:15 PM
**To:** Marando, Christopher; Brian Ferrall; Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Desai, Anish; Weiswasser, Elizabeth; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris,

Intuitive's preferred proposal is in the first column in Brian's email below – a reduction to 24 claims by February 8, 2018 and a second reduction to 12 claims by November 18, 2018.  We understand that is different than Ethicon's current proposal.

I am available to meet-and-confer at 4 pm est / 1 pm pst.  I'm checking with Delaware counsel.  Could you provide more information on what you believe the parties still have to discuss?

4

Thanks,

Adam

---

**From:** Marando, Christopher [mailto:Christopher.Marando@weil.com]
**Sent:** Friday, December 15, 2017 11:58 AM
**To:** Adam Lauridsen; Brian Ferrall; Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Desai, Anish; Elizabeth Weiswasser; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Adam,

Can you please clarify Intuitive's position regarding initial contentions? Does Intuitive oppose Ethicon's proposal that we be permitted to include 52 claims in the initial contentions followed by a second round of claim narrowing on April 3rd (on which Ethicon proposes 36 claims and Intuitive proposes 24 claims)? Please call me if it's easier to discuss that way. My number is 202-682-7094.

Thanks,
Chris

---

**From:** Adam Lauridsen [mailto:ALauridsen@keker.com]
**Sent:** Friday, December 15, 2017 1:42 PM
**To:** Brian Ferrall; Marando, Christopher; Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Desai, Anish; Weiswasser, Elizabeth; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris,

We believe the parties have reached an impasse on their proposals.  Should we set a time to exchange our respective portions of the joint letter?  We're happy to handle the filing of the combined statements.

Best,

Adam

---

**From:** Brian Ferrall
**Sent:** Friday, December 15, 2017 8:54 AM
**To:** Marando, Christopher; Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Desai, Anish; Elizabeth Weiswasser; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris, thanks for your note.  We are evaluating but I don't think there's much room for further progress from our prior position.  I'm about to go into some meetings for a few hours, but one of us should be able to get you a final response shortly.

---

**From:** Marando, Christopher [mailto:Christopher.Marando@weil.com]
**Sent:** Friday, December 15, 2017 8:51 AM
**To:** Brian Ferrall; Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Desai, Anish; Elizabeth Weiswasser; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

5

Hi Brian – I wanted to check on the status of the case narrowing proposal, which is due today. Please let us know if you'd like to discuss.

Thanks,
Chris

---

**From:** Marando, Christopher
**Sent:** Thursday, December 14, 2017 3:27 PM
**To:** 'Brian Ferrall'; Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Desai, Anish; Weiswasser, Elizabeth; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Brian – thanks for sending your proposal. Below is a revised Ethicon proposal for narrowing claims and prior art. Please let us know if you'd like to discuss.

Thanks,
Chris

| Date | Event | Ethicon's Proposal |
|---|---|---|
| 2/8/2018 | Initial Infringement Contentions | 52 claims |
| 3/20/2018 | Initial Invalidity Contentions | 182 "prior art arguments" (as defined in Ethicon's original proposal) |
| 4/3/2018 | N/A | 36 claims |
| 4/17/2018 | N/A | 126 "prior art arguments" and 42 total references |
| 11/15/2018 | Final Infringement Contentions | 21 claims |
| 12/10/2018 | Final Invalidity Contentions | 63 "prior art arguments" and 21 references |

---

**From:** Brian Ferrall [mailto:BFerrall@keker.com]
**Sent:** Tuesday, December 12, 2017 9:23 PM
**To:** Marando, Christopher; Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Desai, Anish; Weiswasser, Elizabeth; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris, thanks for the call today. Below is a statement of our proposal re claim and prior art narrowing. For the first round of narrowing, I list two alternative columns. The first is our preferable option, and tracks the same deadlines you note in your email below and would allow both parties to focus on a narrower case earlier. The second column is the proposal I said to you on the phone, but after I reread your proposal below, I wanted to adjust to convey our willingness to work with your dates. Please let us know your views.

Brian

| Case Event or Deadline | Intuitive Surgical's Proposal |
|---|---|

| | | |
|---|---|---|
| February 8, 2018 | April 3, 2018 | Ethicon narrows its 52 claims down to 24 claims |
| March 20, 2018 | April 17, 2018 | Intuitive Surgical narrows its prior art references to 32 total references, and no more than 96 prior art combinations or arguments |
| November 18, 2018 | | Ethicon narrows to its final infringement contentions to 12 claims |
| December 10, 2018 | | Intuitive Surgical narrows its final invalidity contentions to 16 references, and no more than 48 prior art combinations or arguments. |

**From:** Marando, Christopher [mailto:Christopher.Marando@weil.com]
**Sent:** Monday, December 11, 2017 1:16 PM
**To:** Eduardo E. Santacana; STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Desai, Anish; Elizabeth Weiswasser; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Counsel,

1:30pm pacific tomorrow works. We can use this dial in: 1-888-235-7501, code: 2026827094. For the purposes of our discussion, below is Ethicon's case narrowing proposal:

- **Initial infringement contentions: 52 claims**
- **Initial invalidity contentions: 104 "prior art arguments"**
    - A "prior art argument" means an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single-reference obviousness"); or (3) a combination of references renders a claim obvious.
    - For example, if Intuitive relies on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments.
    - If Intuitive also relies on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments.
    - Additionally, prior art arguments shall be counted on a per claim basis, meaning that if Intuitive asserts that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two prior art arguments.
    - Further, a "prior art argument" shall consist of those reference(s) that Intuitive utilizes to show the existence of claim limitation(s) in the prior art.
- **Final infringement contentions: 28 claims**
- **Final invalidity contentions: 56 "prior art arguments"**

**From:** Eduardo E. Santacana [mailto:ESantacana@keker.com]
**Sent:** Friday, December 08, 2017 8:36 PM
**To:** Marando, Christopher; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Desai, Anish; Weiswasser, Elizabeth; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris,

7

We'd prefer to have just one call on these issues.  If you can do it all on Monday, then let's talk at 11am pt / 2pm et.  If you need until Tuesday, we are available at 1:30pm pt / 3:30pm et.

Thanks,
Eduardo

---

**Eduardo E. Santacana**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6669 direct | 415 391 5400 main
esantacana@keker.com | vcard | keker.com

**From:** Marando, Christopher [mailto:Christopher.Marando@weil.com]
**Sent:** Friday, December 08, 2017 3:37 PM
**To:** STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Desai, Anish; Elizabeth Weiswasser; Pepe, Christopher
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Eduardo,

I am available to meet and confer regarding Intuitive's initial disclosures and the ESI order on Monday from 1pm-5pm eastern. Please let me know a time that works for you. We can use this dial in: 1-888-235-7501, code: 2026827094.

We may be prepared to discuss the narrowing of claims and prior art on Monday as well, but it is possible we'll need to postpone that discussion until Tuesday.

Thanks,
Chris

---

**From:** Eduardo E. Santacana [mailto:ESantacana@keker.com]
**Sent:** Wednesday, December 06, 2017 7:16 PM
**To:** Pepe, Christopher; STAPLE-KVP
**Cc:** John Shaw; David Fry; JBlumenfeld@MNAT.com; Egan, Brian P. (began@MNAT.com); Marando, Christopher; Desai, Anish; Weiswasser, Elizabeth
**Subject:** RE: Ethicon/Intuitive - Initial Disclosures

Chris,

Intuitive will comply with the ESI order's requirements – including whatever it ultimately includes regarding disclosure of custodians and non-custodial data repositories – as soon as the ESI order has been entered.  We'll update our amended disclosures, as needed, at that time as well.  We are available on Monday morning pacific time to finish the meet-and-confer process regarding the ESI order and hopefully reach agreement regarding its terms.

At that time, we also should meet-and-confer regarding the narrowing of claims, as ordered by the Court.

Please advise regarding your availability to discuss these matters.

Best,

Eduardo

**Eduardo E. Santacana**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6669 direct | 415 391 5400 main
esantacana@keker.com | vcard | keker.com

**From:** Pepe, Christopher [mailto:Christopher.Pepe@weil.com]
**Sent:** Friday, December 01, 2017 12:33 PM
**To:** STAPLE-KVP
**Cc:** John Shaw; David Fry; Jack Blumenfeld; Egan, Brian P. (began@MNAT.com); Marando, Christopher; Desai, Anish; Elizabeth Weiswasser
**Subject:** Ethicon/Intuitive - Initial Disclosures

Counsel,

The parties' currently proposed ESI order (as well as the District of Delaware's default ESI order) requires a party to identify (1) its ten most likely custodians and (2) any non-custodial data repositories that will be searched for relevant information. Although the parties are currently negotiating the final terms of a stipulated ESI order, neither party has disputed these requirements. Intuitive, however, did not include this information in its 11/20 initial disclosures. Please confirm that Intuitive will serve amended initial disclosures by 12/8 that identify (1) Intuitive's ten most likely custodians; and (2) Intuitive's non-custodial data repositories that will be searched for relevant information. In addition, Intuitive's 11/20 initial disclosures did not include the 431 patent in the definition of asserted patents. Please confirm that this will be corrected in Intuitive's amended initial disclosures.

Regards,

Chris



**Christopher Pepe**

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
christopher.pepe@weil.com
+1 202 682 7153 Direct
+1 202 857 0940 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

[1] A "prior art argument" according to either party's proposal is defined in *Confluent Surgical, Inc. v. HyperBranch Medical Technology, Inc.,* C.A. 17-688-LPS-CJB (October 30, 2017 Oral Order).