IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHICON LLC, ETHICON ENDO-SURGERY, INC., and ETHICON US LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC., INTUITIVE SURGICAL OPERATIONS, INC, and INTUITIVE SURGICAL HOLDINGS, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 17-871-LPS-CJB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

At Wilmington this **9th day of January, 2018.**

**WHEREAS**, the Court has considered the parties' December 19, 2017 letter submission setting out their respective proposals for case narrowing, (D.I. 67);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the case shall be narrowed largely as Plaintiffs have proposed, with certain modifications, as set out in the chart below:

| Date | Case Event or Deadline | Reduction of Asserted Claims/Prior Art |
|---|---|---|
| 2/8/2018 | Initial Infringement Contentions | 52 claims (same number as asserted in Complaint) |
| 3/20/2018 | Initial Invalidity Contentions | No specific number required |
| 4/3/2018 | N/A | 30 claims |
| 4/17/2018 | N/A | 36 total references and 108 prior art arguments[1] |

---

  [1] A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single-reference obviousness"); or (3) a combination of references renders a claim obvious. Thus, for example, if Defendants rely on prior art reference A for anticipation and for

1

| 11/15/2018 | Final Infringement Contentions | 18 claims |
|---|---|---|
| 12/10/2018 | Final Invalidity Contentions | 18 total references and 63 prior art arguments |

The Court adopts the above schedule for case narrowing in light of the following core principles:

1. The above schedule provides both parties with flexibility at the initial contentions stage. That is, it allows them the ability to learn more about the other side's infringement/invalidity case before having to further narrow the number of asserted claims/total references/prior art arguments at issue in the case. Plaintiffs have already indicated that they wish to assert 52 claims at the initial infringement contention stage, (D.I. 54 at 7; D.I. 67 at 2), and the Court expects that Defendants will, in turn, choose to include a reasonable and proportionate number of references/prior art arguments in their initial invalidity contentions. The Court feels that it does not need to order a further specific reduction at these stages of the case.

2. The above schedule also tracks the timing of the two-stage cut-down that the Court has typically ordered in recent cases, including, for example, Civil Action Nos. 14-721, 15-819 and 16-380.[2] It also: (1) requires Plaintiffs to further significantly reduce the number of

---

single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. If Defendants also rely on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments. Additionally, prior art arguments shall be counted on a per claim basis, meaning that if Defendants assert that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two prior art arguments. Further, a "prior art argument" shall consist of those reference(s) that Defendants utilize to show the existence of claim limitation(s) in the prior art.

[2] While it is true that in *Confluent Surgical, Inc. v. HyperBranch Med. Tech., Inc.*, C.A. No. 17-688-LPS-CJB (D. Del. Oct. 30, 2017) ("*Confluent*"), the Court required the

claims at issue prior to the claim construction process (in order to make that process more manageable); and (2) requires the parties to make their second cut-down at a time that is likely to be after the District Court has issued a *Markman* ruling.

3. The instant schedule sets a reasonable stage-two "ceiling" on the number of claims/total references/prior art arguments that can possibly be asserted in the case. And though the Court understands that even after the second cut-down, the case will still have to be further narrowed prior to trial, this schedule at least gives the parties the ability to try to accomplish that additional narrowing on their own, without Court intervention.

4. The parties may seek to modify the limits in the above-referenced schedule in the future upon a showing of good cause. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312 (Fed. Cir. 2011).

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

plaintiffs to engage in a first cut-down of the number of asserted claims at the time of initial infringement contentions, the circumstances there were different than those at play here. *Confluent* was a second, related case involving the same parties as did the first case. The Court had extensive experience with the first case, which had then been pending for over two years. The Court believed that a more aggressive-than-normal schedule for case narrowing was necessary in *Confluent* because, *inter alia*: (1) the first case was so heavily litigated that it demonstrated that greater-than-normal restrictions on the parties' infringement/invalidity cases were needed in *Confluent*, in order to keep the parties focused on efficient pre-trial management; and (2) the parties in *Confluent* had greater-than-normal familiarity with some of their adversaries' likely litigation positions, due to the parties' collective experience with the first case.