IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETHICON LLC, ETHICON ENDO-<br>SURGERY, INC. and ETHICON US LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 17-871 (LPS) (CJB) |
| INTUITIVE SURGICAL, INC.,<br>INTUITIVE SURGICAL OPERATIONS,<br>INC. and INTUITIVE SURGICAL<br>HOLDINGS, LLC, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## SECOND SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ethicon LLC, Ethicon Endo-Surgery, Inc., and Ethicon US, LLC (collectively "Ethicon" or "Plaintiffs") file this Second Supplemental Complaint for patent infringement against Defendants Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc., and Intuitive Surgical Holdings, LLC (collectively, "Defendants"), and allege as follows:

### Nature of the Action

1.      This is an action for infringement of United States Patent Nos. 9,585,658 ("the 658 Patent"), 8,479,969 ("the 969 Patent"), 9,113,874 ("the 874 Patent"), 8,998,058 ("the 058 Patent"), 8,991,677 ("the 677 Patent"), 9,084,601 ("the 601 Patent"), and 8,616,431 ("the 431 Patent") (collectively, "the Asserted Patents") under the United States Patent Laws, 35 U.S.C. § 1 *et seq.*

2.      Ethicon brings this action against Defendants because of their systematic infringement of Ethicon's valuable patent rights.  In addition to seeking damages for Defendants' infringement of Ethicon's patent rights, Ethicon seeks to enjoin Defendants' continued infringement.

**The Parties**

3.      Plaintiff Ethicon LLC (f/d/b/a as Ethicon Endo-Surgery, LLC) is a limited liability company organized under the laws of the State of Delaware, having its headquarters and principal place of business at 475 Street C, Los Fraile Industrial Park, Guaynabo, PR 00969.

4.      Plaintiff Ethicon Endo-Surgery, Inc. is a corporation organized under the laws of Ohio having its headquarters and principal place of business at 4545 Creek Road, Cincinnati, OH 45242.

5.      Plaintiff Ethicon US, LLC is a limited liability company organized under the laws of Texas having its headquarters and principal place of business at 4545 Creek Road, Cincinnati 45242.  Ethicon US, LLC is a wholly-owned subsidiary of Ethicon Endo-Surgery, Inc.

6.      Ethicon is a leading designer, manufacturer, and provider of innovative medical devices for surgical procedures, including its ECHELON FLEX™ endocutters and ECHELON ENDOPATH™ reload cartridges.

7.      On information and belief, Defendant Intuitive Surgical Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1266 Kifer Road, Building 101, Sunnyvale, CA 94086.

8.      On information and belief, Defendant Intuitive Surgical Operations, Inc. is a privately held corporation organized under the laws of the State of Delaware, with its principal place of business at 1020 Kifer Rd, Sunnyvale, CA 94086.

9.      On information and belief, Defendant Intuitive Surgical Operations, Inc. is a wholly-owned subsidiary of Defendant Intuitive Surgical, Inc.

10.      On information and belief, Defendant Intuitive Surgical Holdings, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 1020 Kifer Rd, Sunnyvale, CA 94086.

11.     On information and belief, Defendant Intuitive Surgical Holdings LLC is wholly-owned by Defendant Intuitive Surgical, Inc.

## Jurisdiction and Venue

12.     This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over Ethicon's claims under 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over Defendants at least because each Defendant is organized under the laws of the State of Delaware, and is thus a resident of Delaware.  On information and belief, this Court also has personal jurisdiction over Defendants because they have committed acts of infringement in this District by offering to sell and/or selling infringing products in Delaware.  For example, the Helen F. Graham Cancer Center & Research Institute is located in Newark, Delaware, and advertises use of the da Vinci Robotic System that is made              and              sold              by              Defendants.              *See* https://christianacare.org/services/cancer/cancersurgery/davinci/.

14.     Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendants reside in Delaware.

## The Asserted Patents

15.     The 658 Patent is titled "Stapling Systems," and was issued by the United States Patent and Trademark Office ("USPTO") on March 7, 2017.  Ethicon LLC is the owner by assignment of the entire right, title and interest in and to the 658 Patent.  Ethicon LLC has exclusively licensed Ethicon Endo-Surgery, Inc. to sell products in the United States that would infringe the 658 Patent absent a license. Ethicon Endo-Surgery, Inc. has exclusively sublicensed that right to Ethicon US, LLC. A true and correct copy of the 658 Patent is attached hereto as Exhibit A.

16.     The 969 Patent is titled "Drive Interface for Operably Coupling a Manipulatable Surgical Tool to a Robot," and was issued by the USPTO on July 9, 2013.  A Certificate of Correction for the 969 Patent was issued by the USPTO on January 23, 2018.  Ethicon LLC is the owner by assignment of the entire right, title and interest in and to the 969 Patent.  Ethicon LLC has exclusively licensed Ethicon Endo-Surgery, Inc. to sell products in the United States that would infringe the 969 Patent absent a license. Ethicon Endo-Surgery, Inc. has exclusively sublicensed that right to Ethicon US, LLC.  A true and correct copy of the 969 Patent is attached hereto as Exhibit B.

17.     The 874 Patent is titled "Surgical Instrument System," and was issued by the USPTO on August 25, 2015.  Ethicon LLC is the owner by assignment of the entire right, title and interest in and to the 874 Patent.  Ethicon LLC has exclusively licensed Ethicon Endo-Surgery, Inc. to sell products in the United States that would infringe the 874 Patent absent a license. Ethicon Endo-Surgery, Inc. has exclusively sublicensed that right to Ethicon US, LLC.. A true and correct copy of the 874 Patent is attached hereto as Exhibit C.

18.     The 058 Patent is titled "Detachable Motor Powered Surgical Instrument," and was issued by the USPTO on April 7, 2015.  Ethicon LLC is the owner by assignment of the entire right, title and interest in and to the 058 Patent.  Ethicon LLC has exclusively licensed Ethicon Endo-Surgery, Inc. to sell products in the United States that would infringe the 058 Patent absent a license. Ethicon Endo-Surgery, Inc. has exclusively sublicensed that right to Ethicon US, LLC.. A true and correct copy of the 058 Patent is attached hereto as Exhibit D.

19.     The 677 Patent is titled "Detachable Motor Powered Surgical Instrument," and was issued by the USPTO on March 31, 2015.  Ethicon LLC is the owner by assignment of the entire right, title and interest in and to the 677 Patent.  Ethicon LLC has exclusively licensed Ethicon

Endo-Surgery, Inc. to sell products in the United States that would infringe the 677 Patent absent a license. Ethicon Endo-Surgery, Inc. has exclusively sublicensed that right to Ethicon US, LLC.. A true and correct copy of the 677 Patent is attached hereto as Exhibit E.

20.     The 601 Patent is titled "Detachable Motor Powered Surgical Instrument," and was issued by the USPTO on July 21, 2015.  Ethicon LLC is the owner by assignment of the entire right, title and interest in and to the 601 Patent.  Ethicon LLC has exclusively licensed Ethicon Endo-Surgery, Inc. to sell products in the United States that would infringe the 601 Patent absent a license. Ethicon Endo-Surgery, Inc. has exclusively sublicensed that right to Ethicon US, LLC.. A true and correct copy of the 601 Patent is attached hereto as Exhibit F.

21.     The 431 Patent is titled "Shiftable Drive Interface for Robotically-Controlled Surgical Tool," and was issued by the USPTO on December 31, 2013.  Ethicon LLC is the owner by assignment of the entire right, title and interest in and to the 431 Patent.  Ethicon LLC has exclusively licensed Ethicon Endo-Surgery, Inc. to sell products in the United States that would infringe the 431 Patent absent a license.  Ethicon Endo-Surgery, Inc. has exclusively sublicensed that right to Ethicon US, LLC.  A true and correct copy of the 431 Patent is attached hereto as Exhibit G.

## Surgical Staplers and Endocutters

22.     Ethicon designs and sells a variety of surgical stapling instruments, including endocutters.  An endocutter is an instrument that both cuts and staples tissue.  An endocutter can be used in place of traditional scalpel-and-suture techniques, and is therefore useful in a wide variety of surgical procedures.  Endocutters are particularly useful in laparoscopic surgery (also referred to as minimally invasive surgery).

23.     Ethicon is a market leader in developing endocutter technology.    Ethicon introduced its first endocutter in 1996.  In 2011, Ethicon introduced to the market the first motor-powered endocutter—the ECHELON FLEX™ Powered ENDOPATH® Stapler.  Ethicon's motor-powered endocutters dramatically reduce the force required to operate an endocutter, thereby minimizing unwanted movement of the device during procedures that could result in increased tissue trauma.  In 2014, Ethicon introduced its ECHELON FLEX™ Stapler with Gripping Surface Technology (GST), which greatly reduces tissue slippage while firing the stapler.

24.     Ethicon designs, manufactures, and sells several endocutter products, including both powered and non-powered endocutters.  In addition, Ethicon offers endocutter products that produce staple lines of different lengths.  For example, the ECHELON FLEX™ Powered Vascular Stapler produces a staple line that is approximately 35 mm long, and is designed for use in vascular applications.  Ethicon's ECHELON FLEX™ Powered ENDOPATH® Stapler is offered in models that produce a 45 mm or 60 mm staple line, and can be used in a variety of surgeries, including but not limited to thoracic, bariatric, and colorectal procedures.  Ethicon's 60 mm staple line endocutter products are the market leader for use in bariatric procedures.

25.     On information and belief, Defendants began offering for sale endocutter products in competition with Ethicon's endocutters in 2013.  Defendants' *EndoWrist* Stapler 30 produces a staple line that is approximately 30 mm long, and Defendants' *EndoWrist* Stapler 45 produces a staple line that is approximately 45 mm long.  On information and belief, Defendants do not currently offer for sale an endocutter product that produces a 60 mm staple line.  Defendants, however, have announced plans to introduce to the market a 60mm endocutter product for use with its *da Vinci* Surgical Systems.

**Background of the Accused Products**

26.     ***Da Vinci* Surgical Systems.**  Defendants make, use, sell, offer for sale, and/or import products under the *da Vinci* Surgical System brand that includes surgical instrument technology.  These products include, but are not limited to, the *da Vinci Xi* Surgical System, *da Vinci Si* Surgical System, and other similar products that include the infringing features ("the Accused *da Vinci* Surgical Systems").

27.     Defendants describe the *da Vinci* Surgical System as including a "surgeon's console, a patient-side cart, and a high performance vision system."  *See* Intuitive Surgical, Inc., 2016 Form 10-K at 4.  Defendants further describe the *da Vinci* Surgical System as "designed to enable surgeons to perform a wide range of surgical procedures, within our targeted gynecologic, urologic, general surgery, cardiothoracic and head and neck specialties."  *See* Intuitive Surgical, Inc., 2016 Form 10-K, at 5.

28.     Defendants describe the *da Vinci Xi* Surgical System as including a "Surgeon Console, a Patient Cart, and a Vision Cart and is used with an endoscope, *da Vinci Xi EndoWrist* instruments, and accessories."  *da Vinci Xi* System User Manual (551400_10B) at 33.  Defendants also describe the *da Vinci Xi* Surgical System as being "designed to enable complex surgery using a minimally invasive approach."  *da Vinci Xi* System User Manual (551400_10B) at 33.

29.     Defendants describe the *da Vinci Si* Surgical System as including a "Surgeon Console, the Patient Cart, and the Vision Cart" and is used with *da Vinci Si EndoWrist* instruments and accessories.  *da Vinci Si* System User Manual (550650_09A) at 32; *see also id.* at 19, 34.  Defendants also describe the *da Vinci Si* Surgical System as a "robotic platform designed to enable complex surgery using a minimally invasive approach."  *da Vinci Si* System User Manual (550650_09A) at 32.

30.     *EndoWrist* **Instruments.** Defendants make, use, sell, offer for sale, and/or import products under the *EndoWrist* brand that includes surgical instruments for use with its *da Vinci* Surgical Systems.  These products include but are not limited to the *EndoWrist* Stapler 30 for the *da Vinci Xi* Surgical System, the *EndoWrist* Stapler 45 for the *da Vinci Xi* and *Si* Surgical Systems, and other similar products that include the infringing features, each used with Stapler Reload cartridges (the "accused EndoWrist Staplers").

31.     Defendants describe the *EndoWrist* Stapler 30 as "a wristed, stapling instrument intended for resection, transection and/or creation of anastomoses."  Intuitive Surgical, Inc., 2016 Form 10-K at 43.  Defendants further describe the *EndoWrist* Stapler 30 as "intended to deliver particular utility with fine tissue interaction in lobectomy and other thoracic procedures." Intuitive Surgical, Inc., 2016 Form 10-K at 43.  The *EndoWrist* Stapler 30 produces a staple line that is approximately 33 mm long.  *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C) at 13.  On information and belief, the *EndoWrist* Stapler 30 was first introduced into the market in 2016.

32.     Defendants describe the *EndoWrist* Stapler 45 as a "wristed, stapling instrument intended for resection, transection and/or creation of anastomoses in general, gynecologic, and urologic surgery."  Intuitive Surgical, Inc., 2016 Form 10-K at 43.  The *EndoWris*t Stapler 45 produces a staple line that is approximately 45 mm long.  *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C) at 13; *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) at 12.  On information and belief, the *EndoWrist* Stapler 45 was first introduced into the market in 2013.

33.     Defendants describe the *da Vinci Xi EndoWrist* 45 Stapler System and Stapler 45 Reloads as "intended to be used with the *da Vinci* Surgical System (Model IS4000) for resection,

transection, and/or creation of anastomoses in General, Thoracic, Gynecologic and Urologic surgery." *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C)  at  6.

34.     On information and belief, the *EndoWrist* Stapler 30 and *EndoWrist* Stapler 45 for use with the *da Vinci Xi* Surgical System have the same general structure and functionality.

35.     Defendants describe the *da Vinci Si EndoWrist* 45 Stapler System and *EndoWrist* Stapler 45 Reloads as "intended to be used with the *da Vinci Si* Surgical System (Model IS3000) for resection, transection and/or creation of anastomoses in General, Gynecologic and Urologic surgery. *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) at 6.

36.     Defendants describe the *EndoWrist* Stapler Reloads as "sterile, disposable, single-use cartridges that contain staggered rows of unformed titanium alloy staples and a cutting blade." *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C) at 13; *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) at 12.

37.     The Accused *da Vinci* Surgical Systems and Accused *EndoWrist* Staplers together infringe the Asserted Patents.  As a result of Defendants' infringement and the threat of its continued infringement, Ethicon faces a substantial risk of irreparable harm.

## Claim for Relief – Infringement of the 658 Patent

38.     Ethicon incorporates by reference the allegations in paragraphs 1-37 above.

39.     The 658 Patent is generally directed to a novel stapling system.  Claim 1 of the 658 Patent states as follows:

1. A stapling system, comprising:

a housing comprising a rotary drive member;

an elongate shaft extending from said housing, wherein said elongate shaft defines

a longitudinal axis;

an end effector, comprising:

a jaw configured to support a staple cartridge; and

an anvil rotatable relative to said jaw between an open position and a fully-closed

position, wherein said anvil comprises a cam surface;

a closure cam operably coupled with said rotary drive member, wherein said

closure cam is configured to move longitudinally to engage said cam surface

and transmit a closing motion to said anvil to move said anvil into said fully-

closed position; and

an opening member configured to move longitudinally to apply an opening force

to said anvil at a location other than said cam surface to move said anvil into

said open position.

40.     Defendants directly infringe at least claims 1, 2-5, 6, 7-10, 11, 12, 13, and 14 of the 658 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing the Accused *EndoWrist* Staplers. Attached hereto as Exhibit H is a non-limiting example demonstrating how the Accused *EndoWrist* Staplers meet each and every element of at least claims 1, 2-5, 6, 7-10, 11, 12, 13, and 14 of the 658 Patent.

41.     Defendants' infringement of the 658 Patent has injured Ethicon in its business and property rights.  Ethicon is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. ¶ 284 in an amount to be determined at trial.

42.     Defendants' infringement of the 658 Patent has caused irreparable harm to Ethicon and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

### Claim for Relief – Infringement of the 969 Patent

43.     Ethicon incorporates by reference the allegations in paragraphs 1-37 above.

44.     The 969 Patent is generally directed to a novel surgical tool for use with a robotic system.  Claim 23 of the 969 Patent states as follows:

23. A surgical tool for use with a robotic system that has a tool drive assembly that is operatively coupled to a control unit of the robotic system that is operable by inputs from an operator and is configured to provide at least one rotary output motion to at least one rotatable body portion supported on the tool drive assembly, said surgical tool comprising:

a surgical end effector comprising at least one component portion that is selectively movable between first and second positions relative to at least one other component portion thereof in response to control motions applied to said selectively movable component portion;

an elongated shaft assembly including a distal end operably coupled to said surgical end effector and defining a longitudinal tool axis, said elongated shaft assembly including a tube gear segment on a proximal end thereof; and

a tool mounting portion operably coupled to said elongated shaft assembly, said tool mounting portion being configured to operably interface with the tool drive assembly when coupled thereto, said tool mounting portion comprising a rotational transmission assembly comprising a rotational gear assembly in meshing engagement with the tube gear segment and operably coupled to one of the at least one rotatable body portions supported on the tool drive assembly such that upon application of a rotary output motion in a first direction to said rotational gear assembly by said at least one rotatable body portion, said rotational gear assembly rotates said elongated shaft and said surgical end

11

effector in a first rotary direction about said longitudinal tool axis and upon application of said rotary output motion in a second direction to said rotational gear assembly, said rotational gear assembly rotates said elongated shaft assembly and said surgical end effector about said longitudinal tool axis in a second rotary direction relative to the tool mounting portion.

45.     Defendants directly infringe at least claims 23 and 24 of the 969 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing the Accused *EndoWrist* Staplers and the Accused *da Vinci* Surgical Systems.  Attached hereto as Exhibit I is a non-limiting example demonstrating how the Accused *EndoWrist* Staplers and Accused *da Vinci* Surgical Systems meet each and every element of at least claims 23 and 24 of the 969 Patent.

46.     Defendants' infringement of the 969 Patent has injured Ethicon in its business and property rights.  Ethicon is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. ¶ 284 in an amount to be determined at trial.

47.     Defendants' infringement of the 969 Patent has caused irreparable harm to Ethicon and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

## Claim for Relief – Infringement of the 874 Patent

48.     Ethicon incorporates by reference the allegations in paragraphs 1-37 above.

49.     The 874 Patent is generally directed to an innovative surgical instrument that is remotely user-controlled.  Claim 9 of the 874 Patent states as follows:

9. A surgical instrument comprising:

a surgical end effector comprising:

a first jaw;

a second jaw, wherein said first and second jaws are supported relative to each other such that one of said first and second jaws is movable between open and closed positions relative to the other of said first and second jaws in response to opening and closing motions applied thereto; and

a driver element supported for axial travel through the surgical end effector in response to firing motions applied thereto and wherein said surgical instrument further comprises:

a motor powered firing element configured to apply said firing motions to said driver element;

a remotely user-controlled console electrically coupled to said surgical instrument; and

a reciprocatable closure element configured to apply said opening and closing motions to said one of said first and second jaws.

50.     Defendants directly infringe at least claims 9 and 20 of the 874 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing the Accused *EndoWrist* Staplers.  Attached hereto as Exhibit J is a non-limiting example demonstrating how the Accused *EndoWrist* Staplers meet each and every element of at least claims 9 and 20 of the 874 Patent.

51.     Defendants' infringement of the 874 Patent has injured Ethicon in its business and property rights.  Ethicon is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. ¶ 284 in an amount to be determined at trial.

52.     Defendants' infringement of the 874 Patent has caused irreparable harm to Ethicon and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

### Claim for Relief – Infringement of the 058 Patent

53.     Ethicon incorporates by reference the allegations in paragraphs 1-37 above.

54.     The 058 Patent is generally directed to a novel stapling system that selectively receives power from a power source.  Claim 6 of the 058 Patent states as follows:

6. A stapling system configured to be operably engaged with a surgical instrument system, said stapling system comprising:

a staple cartridge carrier;

a staple cartridge assembly supported by said staple cartridge carrier;

an anvil supported relative to said staple cartridge carrier and movable from an open position to a closed position;

a housing, wherein said staple cartridge carrier extends from said housing, and wherein said housing comprises a housing connector removably attachable to the surgical instrument system;

a rotary shaft;

an axial drive member operably engaged with said rotary shaft, wherein said axial drive member is selectively movable through said staple cartridge assembly from a start position to an end position when a rotary motion is applied to said rotary shaft; and

an electric motor operably interfacing with said rotary shaft to selectively apply said rotary motion to said rotary shaft, wherein said electric motor is

configured to receive power from a power source such that said electrical motor can only selectively receive power from said power source when said housing connector is attached to the surgical instrument.

55.     On information and belief, Defendants directly infringe at least claims 6, 7-10, 11, 12-14, 15, and 16-18 of the 058 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing the Accused *EndoWrist* Staplers and *da Vinci Si* Surgical Systems.  Attached hereto as Exhibit K is a non-limiting example demonstrating how the Accused *EndoWrist* Staplers and *da Vinci Si* Surgical System meet each and every element of at least claims 6, 7-10, 11, 12-14, 15, and 16-18.

56.     Defendants' infringement of the 058 Patent has injured Ethicon in its business and property rights.  Ethicon is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. ¶ 284 in an amount to be determined at trial.

57.     Defendants' infringement of the 058 Patent has caused irreparable harm to Ethicon and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

## Claim for Relief – Infringement of the 677 Patent

58.     Ethicon incorporates by reference the allegations in paragraphs 1-37 above.

59.     The 677 Patent is generally directed to a novel stapling sub-system for use with a surgical instrument system.  Claim 6 of the 677 Patent states as follows:

6. A stapling sub-system configured to be operably engaged with a surgical instrument system, said stapling sub-system comprising:

a staple cartridge carrier;

a staple cartridge assembly supported by said staple cartridge carrier;

an anvil supported relative to said staple cartridge carrier and movable from an open position to a closed position;

a housing, wherein said staple cartridge carrier extends from said housing, and wherein said housing comprises a housing connector removably attachable to the surgical instrument system; and

a rotary drive system, comprising

a rotary shaft;

a translatable drive member operably engaged with said rotary shaft, wherein said translatable drive member is selectively translatable through said staple cartridge assembly from a start position to an end position when a rotary motion is applied to said rotary shaft; and

an electric motor operably interfacing with said rotary shaft to selectively apply said rotary motion to said rotary shaft, wherein said electric motor is operably disconnected from a power source when said housing is not attached to the surgical instrument system, and wherein said electric motor is operably connected to the power source when said housing is attached to the surgical instrument system.

60.     On information and belief, Defendants directly infringe at least claims 6, 7-10, 11, 12-15, 17, and 18 of the 677 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing the Accused *EndoWrist* Staplers and *da Vinci Si* Surgical Systems.  Attached hereto as Exhibit L is a non-limiting example demonstrating how the Accused *EndoWrist* Staplers and *da Vinci Si* Surgical

System meet each and every element of at least claims 6, 7-10, 11-15, 17, and 18 of the 677 Patent.

61.     Defendants' infringement of the 677 Patent has injured Ethicon in its business and property rights.  Ethicon is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. ¶ 284 in an amount to be determined at trial.

62.     Defendants' infringement of the 677 Patent has caused irreparable harm to Ethicon and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

## Claim for Relief – Infringement of the 601 Patent

63.     Ethicon incorporates by reference the allegations in paragraphs 1-37 above.

64.     The 601 Patent is generally directed to a novel surgical cutting and stapling instrument.  Claim 1 of the 601 Patent states as follows:

1. A surgical cutting and stapling instrument comprising:

a housing including at least one engagement member for removably coupling the housing to an actuator arrangement;

first and second jaws operably coupled to the housing such that at least one said jaw is selectively movable relative to the other said jaw;

an axial drive assembly movably supported for selective axial travel relative to said first and second jaws;

a motor supported by said housing and operably interfacing with the axial drive assembly to selectively move said axial drive assembly between a starting position and an ending position relative to the first and second jaws; and

a contact arrangement supported by said housing and configured to permit power

to be supplied to the motor only when the housing is operably attached to the

actuator arrangement.

65.     On information and belief, Defendants directly infringe at least claims 1, 2, and 8-

10 of the 601 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents,

by making, selling, offering to sell, using, and/or importing the Accused *EndoWrist* Staplers and

the *da Vinci Si* Surgical Systems.   Attached hereto as Exhibit M is a non-limiting example

demonstrating how the Accused *EndoWrist* Staplers and the *da Vinci Si* Surgical System meet

each and every element of at least claims 1, 2, and 8-10 of the 601 Patent.

66.     Defendants' infringement of the 601 Patent has injured Ethicon in its business and

property rights.  Ethicon is entitled to recovery of monetary damages for such injuries pursuant to

35 U.S.C. ¶ 284 in an amount to be determined at trial.

67.     Defendants' infringement of the 601 Patent has caused irreparable harm to Ethicon

and will continue to cause such harm unless and until their infringing activities are enjoined by

this Court.

## Claim for Relief – Infringement of the 431 Patent

68.     Ethicon incorporates by reference the allegations in paragraphs 1-37 above.

69.     The 431 Patent is generally directed to a novel tool mounting device for coupling a

surgical end effector to a tool drive assembly of a robotic system.  Claim 1 of the 431 Patent states

as follows:

1. A tool mounting device for coupling a surgical end effector configured to selectively

perform at least two actions in response to control motions applied thereto to a tool

drive assembly of a robotic system that is operatively coupled to a control unit of the robotic system, said tool mounting device comprising:

a tool mounting portion configured for operable attachment to the tool drive assembly of the robotic system;

an elongated shaft assembly having a proximal end portion operably supported on said tool mounting portion and a distal end portion operably interfacing with said surgical end effector to apply said control motions thereto; and

a transmission arrangement operably supported on said tool mounting portion such that when said tool mounting portion is attached to the tool drive assembly, said transmission arrangement is configured to operably interface with a rotatable drive element of the tool drive assembly to receive a rotary output motion therefrom, said transmission arrangement communicating with the control unit of the robotic system and being responsive to actuation motions therefrom to move between first and second positions such that when said transmission arrangement is in said first position, an application of said rotary output motion thereto by said rotatable drive element of the tool drive assembly causes a first one of said control motions to be applied to a portion of said surgical end effector through said elongated shaft assembly and when said transmission arrangement is in said second position, said application of said rotary output motion thereto by said rotatable drive element of the tool drive assembly causes a second one of said control motions to be applied to another portion of said surgical end effector through said elongated shaft assembly.

70.     On information and belief, Defendants directly infringe at least claims 1, 6, 12, and 13 of the 431 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents,

by making, selling, offering to sell, using, and/or importing the Accused *EndoWrist* Staplers and the Accused *da Vinci* Surgical Systems.  Attached hereto as Exhibit N is a non-limiting example demonstrating how the Accused *EndoWrist* Staplers and the Accused *da Vinci* Surgical Systems meet each and every element of at least claims 1, 6, 12 and 13 of the 431 Patent.

71.     Defendants' infringement of the 431 Patent has injured Ethicon in its business and property rights.  Ethicon is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. ¶ 284 in an amount to be determined at trial.

72.     Defendants' infringement of the 431 Patent has caused irreparable harm to Ethicon and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

## **PRAYER FOR RELIEF**

73.     Plaintiffs respectfully requests the following relief from this Court:

(a)     Judgment that Defendants have infringed one or more claims of the 658 Patent;

(b)     Judgment that Defendants have infringed one or more claims of the 969 Patent;

(c)     Judgment that Defendants have infringed one or more claims of the 874 Patent;

(d)     Judgment that Defendants have infringed one or more claims of the 058 Patent;

(e)     Judgment that Defendants have infringed one or more claims of the 677 Patent;

(f)     Judgment that Defendants have infringed one or more claims of the 601 Patent;

(g)     Judgment that Defendants have infringed one or more claims of the 431 Patent;

(h)     Entry of a permanent injunction against Defendants and those in privity

with them and those acting in concert with them from further infringement of the 658, 969, 874, 058, 677, 601, and 431 Patents;

(i)     An award to Plaintiffs of damages adequate to compensate them for all infringement occurring through the date of judgment, with prejudgment interest, and for any supplemental damages as appropriate and post-judgment interest after that date;

(j)     A finding that this action for infringement is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiffs of reasonable counsel fees and costs; and

(k)     An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

74.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all issues so triable.

OF COUNSEL:

Elizabeth Stotland Weiswasser
Anish R. Desai
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Diane P. Sullivan
WEIL GOTSHAL & MANGES, LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
(609) 986-1120

Christopher T. Marando
Christopher M. Pepe
Matthew David Sieger
WEIL GOTSHAL & MANGES, LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7000

June 6, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiffs*