IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETHICON LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-871-LPS |
| | ) | |
| INTUITIVE SURGICAL, INC., *et al.*, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

**ANSWER TO THIRD AMENDED AND SUPPLEMENTAL
COMPLAINT FOR PATENT INFRINGEMENT**

OF COUNSEL:
Robert A. Van Nest
Brian Ferrall
R. Adam Lauridsen
William S. Hicks
Eduardo E. Santacana
KEKER VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*

Dated: September 24, 2018

Defendants Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc. and Intuitive Surgical Holdings, LLC (collectively "Defendants") demand a trial by jury on all issues so triable and answer Ethicon LLC, Ethicon Endo-Surgery, Inc. and Ethicon US LLC's (collectively "Plaintiffs") Third Amended and Supplemental Complaint for Patent Infringement as follows:

## Nature of Action

1. Defendants admit this purports to be an action for infringement of United States Patent Nos. 9,585,658 ("the 658 Patent"), 8,479,969 ("the 969 Patent"), 9,113,874 ("the 874 Patent"), 8,998,058 ("the 058 Patent"), 8,991,677 ("the 677 Patent"), 9,084,601 ("the 601 Patent") and 8,616,431 ("the 431 Patent") (collectively, "the Asserted Patents") under the United States Patent Laws, 35 U.S.C. § 1 *et seq*.

2. Defendants deny the allegations of paragraph 2.

## The Parties

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis deny the allegations.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and on that basis deny the allegations.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and on that basis deny the allegations.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and on that basis deny the allegations.

7. Defendants admit that Intuitive Surgical, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1266 Kifer Road., Sunnyvale, CA 94086.

8. Defendants admit that Intuitive Surgical Operations, Inc. is a privately held corporation organized under the laws of the State of Delaware with its principal place of business at 1266 Kifer Rd., Sunnyvale, CA 94086.

9. Defendants admit that Intuitive Surgical Operations, Inc. is a wholly-owned subsidiary of Intuitive Surgical, Inc.

10. Defendants admit that Intuitive Surgical Holdings, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1266 Kifer Rd., Sunnyvale, CA 94086.

11. Defendants admit that Intuitive Surgical Holdings, LLC is wholly-owned by Intuitive Surgical, Inc.

## **Jurisdiction and Venue**

12. Defendants admit this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States.

13. Defendants admit this Court has personal jurisdiction over Defendants because each Defendant is organized under the laws of the State of Delaware. Defendants deny the remaining allegations of paragraph 13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and on that basis deny those allegations.

14. Defendants deny venue is proper in this District under 28 U.S.C. § 1400(b).

## The Asserted Patents

15. Defendants admit the 658 Patent on its face is titled "Stapling Systems." Defendants admit the 658 Patent was issued on March 7, 2017 by the U.S. Patent and Trademark Office ("USPTO"). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and on that basis deny those allegations.

16. Defendants admit the 969 Patent on its face is titled "Drive Interface for Operably Coupling a Manipulable Surgical Tool to a Robot." Defendants admit the 969 Patent was issued on July 9, 2013 by the USPTO. Defendants admit that a Certificate of Correction for the 969 Patent was issued by the USPTO on January 23, 2018. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, and on that basis deny those allegations.

17. Defendants admit the 874 Patent on its face is titled "Surgical Instrument System." Defendants admit the 874 Patent was issued on August 25, 2015 by the USPTO. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17, and on that basis deny those allegations.

18. Defendants admit the 058 Patent on its face is titled "Detachable Motor Powered Surgical Instrument." Defendants admit the 058 Patent was issued on April 7, 2015 by the USPTO. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18, and on that basis deny those allegations.

19. Defendants admit the 677 Patent on its face is titled "Detachable Motor Powered Surgical Instrument." Defendants admit the 677 Patent was issued on March 31, 2015 by the USPTO. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, and on that basis deny those allegations.

20. Defendants admit the 601 Patent on its face is titled "Detachable Motor Powered Surgical Instrument." Defendants admit the 601 Patent was issued on July 21, 2015 by the USPTO. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20, and on that basis deny those allegations.

21. Defendants admit the 431 Patent on its face is titled "Shiftable Drive Interface for USPOT-Controlled Surgical Tool." Defendants admit the 431 Patent was issued on December 31, 2013, by the USPTO. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, and on that basis deny those allegations.

### Surgical Staplers and Endocutters

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis deny those allegations.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis deny those allegations.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis deny those allegations.

25. Defendants admit that the 45mm *EndoWrist*® surgical stapler for use with the Intuitive Surgical *da Vinci*® *Si* surgical system, with a staple line approximately 45mm in length, was first released in 2013. Defendants admit that the 30mm *EndoWrist* surgical stapler for use with the Intuitive Surgical *da Vinci Si* surgical system, has a staple line approximately 30mm in length. Defendants admit they offer for sale a surgical stapler that produces a 60mm staple line. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25, and on that basis deny those allegations.

## Background of the Accused Products

26. Defendants admit that they make, use, sell, offer for sale, and/or import products under the *da Vinci* Surgical System brand that includes surgical instrument technology, including the *da Vinci Xi* and *da Vinci Si* systems. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, and on that basis deny those allegations.

27. Defendants admit that Intuitive Surgical, Inc. has described the *da Vinci* Surgical Systems as including a "surgeon's console, a patient-side cart, and a high performance vision system." Defendants admit that Intuitive Surgical, Inc. has described the *da Vinci* Surgical Systems as "designed to enable surgeons to perform a wide range of surgical procedures, within our targeted gynecologic, urologic, general surgery, cardiothoracic and head and neck specialties." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27, and on that basis deny those allegations.

28. Defendants admit that Intuitive Surgical, Inc. has described the *da Vinci Xi* Surgical System as including a "Surgeon Console, a Patient Cart, and a Vision Cart" and that it is used with an endoscope, *da Vinci Xi EndoWrist* instruments, and accessories. Defendants admit that Intuitive Surgical, Inc. has described the *da Vinci Xi* Surgical System as being "designed to enable complex surgery using a minimally invasive approach." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and on that basis deny those allegations.

29. Defendants admit that Intuitive Surgical, Inc. has described the *da Vinci Si* Surgical System as including a "Surgeon Console, the Patient Cart, and the Vision Cart" and that it is used with *da Vinci Si EndoWrist* instruments and accessories. Defendants admit that

Intuitive Surgical, Inc. has described the *da Vinci Si* Surgical System as a "robotic platform designed to enable complex surgery using a minimally invasive approach."

30. Defendants admit that they make, use, sell, offer for sale, and/or import products under the *EndoWrist* brand that includes surgical instruments for use with its *da Vinci* Surgical Systems. Defendants admit that *EndoWrist* instruments include but are not limited to the *EndoWrist* Stapler 30mm for the *da Vinci Xi* Surgical System and the *EndoWrist* Stapler 45 for the *da Vinci Xi* and *Si* Surgical Systems, and that each is used with stapler reload cartridges. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30, and on that basis deny those allegations.

31. Defendants admit that Intuitive Surgical, Inc. has described the *EndoWrist* Stapler 30 as "a wristed, stapling instrument intended for resection, transection and/or creation of anastomoses." Defendants admit that Intuitive Surgical, Inc. has described the *EndoWrist* Stapler 30 as "intended to deliver particular utility with fine tissue interaction in lobectomy and other thoracic procedures." Defendants admit that the *EndoWrist* Stapler 30 produces a staple line that is approximately 30mm long. Defendants admit that the *EndoWrist* Stapler 30 was first offered for sale in 2016. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31, and on that basis deny those allegations.

32. Defendants admit that Intuitive Surgical, Inc. has described the *EndoWrist* Stapler 45 as "wristed, stapling instrument intended for resection, transection and/or creation of anastomoses in general, gynecologic, and urologic surgery." Defendants admit that the *EndoWrist* Stapler 45 produces a staple line that is approximately 45mm long. Defendants admit that the *EndoWrist* Stapler 45 was first offered for sale in 2013. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and on that basis deny those allegations.

33. Defendants admit that Intuitive Surgical, Inc. has described the *da Vinci Xi EndoWrist* 45 Stapler System and Stapler 45 cartridge reloads as "intended to be used with the *da Vinci* Surgical System (Model IS4000) for resection, transection, and/or creation of anastomoses in General, Thoracic, Gynecologic and Urologic surgery." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and on that basis deny those allegations.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34, and on that basis deny those allegations.

35. Defendants admit that Intuitive Surgical, Inc. has described the *da Vinci Si EndoWrist* 45 Stapler System and *EndoWrist* Stapler 45 cartridge reloads as "intended to be used with the *da Vinci Si* Surgical System (Model IS3000) for resection, transection and/or creation of anastomoses in General, Gynecologic and Urologic surgery." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35, and on that basis deny those allegations.

36. Defendants admit that Intuitive Surgical, Inc. has described the *EndoWrist* Stapler cartridge reloads as "sterile, disposable, single-use cartridges that contain staggered rows of unformed titanium alloy staples and a cutting blade." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36, and on that basis deny those allegations.

37. Defendants deny the allegations of paragraph 37.

**Claim for Relief – Infringement of the '658 Patent**

38. Defendants incorporate by reference their responses to paragraphs 1–37 above.

39. Defendants deny the allegations of paragraph 39 insofar as they characterize the 658 Patent. Defendants admit that paragraph 39 reproduces the language of Claim 1 of the 658 Patent.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants admit that they provide and/or supply from the United States at least a portion of the components of the accused *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads to customers outside of the United States. Defendants admit that they provide to customers instructions for using the *EndoWrist* Staplers as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) and *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C). Defendants deny the remaining allegations of paragraph 42.

43. Defendants admit that they supply or cause to be supplied from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads, for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants deny the remaining allegations of paragraph 43.

44. Defendants admit that they provide and/or supply from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads for the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 to customers outside the United States with knowledge that such component(s) are to be combined outside the United States. Defendants admit that the supplied

components are intended for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45with compatible *da Vinci* systems and are combined abroad and used in *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants admit that they provide to customers instructions for using the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) and *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C). Defendants deny the remaining allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

### **Claim for Relief – Infringement of the '969 Patent**

47. Defendants incorporate by reference their responses to paragraphs 1–37 above.

48. Defendants deny the allegations of paragraph 48 insofar as they characterize the 969 Patent. Defendants admit that paragraph 48 reproduces the language of Claim 23 of the 969 Patent.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants admit that they provide and/or supply from the United States at least a portion of the components of the accused *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads to customers outside of the United States. Defendants admit that they provide to customers instructions for using the *EndoWrist* Staplers as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) and *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C). Defendants deny the remaining allegations of paragraph 51.

52. Defendants admit that they supply or cause to be supplied from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads, for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants deny the remaining allegations of paragraph 52.

53. Defendants admit that they provide and/or supply from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads for the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 to customers outside the United States with knowledge that such component(s) are to be combined outside the United States. Defendants admit that the supplied components are intended for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45with compatible *da Vinci* systems and are combined abroad and used in *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants admit that they provide to customers instructions for using the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) and *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C). Defendants deny the remaining allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

**Claim for Relief – Infringement of the '874 Patent**

56. Defendants incorporate by reference their responses to paragraphs 1–37 above.

57. Defendants deny the allegations of paragraph 57 insofar as they characterize the 874 Patent. Defendants admit that paragraph 57 reproduces the language of Claim 9 of the 874 Patent

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants admit that they provide and/or supply from the United States at least a portion of the components of the accused *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads to customers outside of the United States. Defendants admit that they provide to customers instructions for using the *EndoWrist* Staplers as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) and *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C). Defendants deny the remaining allegations of paragraph 60.

61. Defendants admit that they supply or cause to be supplied from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads, for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants deny the remaining allegations of paragraph 61.

62. Defendants admit that they provide and/or supply from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads for the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 to customers outside the United States with knowledge that such component(s) are to be combined outside the United States. Defendants admit that the supplied components are intended for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi*

*EndoWrist* Stapler 30/45 with compatible *da Vinci* systems and are combined abroad and used in *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants admit that they provide to customers instructions for using the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A) and *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C). Defendants deny the remaining allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

**Claim for Relief – Infringement of the '058 Patent**

65. Defendants incorporate by reference their responses to paragraphs 1–37 above.

66. Defendants deny the allegations of paragraph 66 insofar as they characterize the 058 Patent. Defendants admit that paragraph 66 reproduces the language of Claim 6 of the 058 Patent.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants admit that they provide and/or supply from the United States at least a portion of the components of the accused *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads to customers outside of the United States. Defendants admit that they provide to customers instructions for using the *EndoWrist* Staplers as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A). Defendants deny the remaining allegations of paragraph 69.

70. Defendants admit that they supply or cause to be supplied from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist*

Stapler 30/45, stapler motor packs, and reloads, for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants deny the remaining allegations of paragraph 70.

71. Defendants admit that they provide and/or supply from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads for the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 to customers outside the United States with knowledge that such component(s) are to be combined outside the United States. Defendants admit that the supplied components are intended for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 with compatible *da Vinci* systems and are combined abroad and used in *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants admit that they provide to customers instructions for using the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A). Defendants deny the remaining allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

### **Claim for Relief – Infringement of the '677 Patent**

74. Defendants incorporate by reference their responses to paragraphs 1–37 above.

75. Defendants deny the allegations of paragraph 75 insofar as they characterize the 677 Patent. Defendants admit that paragraph 75 reproduces the language of Claim 6 of the 058 Patent.

76. Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

78. Defendants admit that they provide and/or supply from the United States at least a portion of the components of the accused *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads to customers outside of the United States. Defendants admit that they provide to customers instructions for using the *EndoWrist* Staplers as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A). Defendants deny the remaining allegations of paragraph 78.

79. Defendants admit that they supply or cause to be supplied from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads, for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants deny the remaining allegations of paragraph 79.

80. Defendants admit that they provide and/or supply from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads for the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 to customers outside the United States with knowledge that such component(s) are to be combined outside the United States. Defendants admit that the supplied components are intended for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45with compatible *da Vinci* systems and are combined abroad and used in *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants admit that they provide to customers instructions for using the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A). Defendants deny the remaining allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

### Claim for Relief – Infringement of the '601 Patent

83. Defendants incorporate by reference their responses to paragraphs 1–37 above.

84. Defendants deny the allegations of paragraph 84 insofar as they characterize the 601 Patent. Defendants admit that paragraph 84 reproduces the language of Claim 1 of the 601 Patent.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

87. Defendants admit that they provide and/or supply from the United States at least a portion of the components of the accused *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads to customers outside of the United States. Defendants admit that they provide to customers instructions for using the *EndoWrist* Staplers as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A). Defendants deny the remaining allegations of paragraph 87.

88. Defendants admit that they supply or cause to be supplied from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads, for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants deny the remaining allegations of paragraph 88.

89. Defendants admit that they provide and/or supply from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads for the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 to customers outside the United States with knowledge that such

component(s) are to be combined outside the United States. Defendants admit that the supplied components are intended for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45with compatible *da Vinci* systems and are combined abroad and used in *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants admit that they provide to customers instructions for using the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 as demonstrated by the *da Vinci Si EndoWrist* Stapler 45 User Manual Addendum (550986_09A). Defendants deny the remaining allegations of paragraph 89.

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

**<u>Claim for Relief – Infringement of the '431 Patent</u>**

92. Defendants incorporate by reference their responses to paragraphs 1–37 above.

93. Defendants deny the allegations of paragraph 93 insofar as they characterize the 431 Patent. Defendants admit that paragraph 93 reproduces the language of Claim 1 of the 431 Patent.

94. Defendants deny the allegations of paragraph 94.

95. Defendants deny the allegations of paragraph 95.

96. Defendants admit that they provide and/or supply from the United States at least a portion of the components of the accused *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads to customers outside of the United States. Defendants admit that they provide to customers instructions for using the *EndoWrist* Staplers as demonstrated by the *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C). Defendants deny the remaining allegations of paragraph 96.

97. Defendants admit that they supply or cause to be supplied from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads, for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants deny the remaining allegations of paragraph 97.

98. Defendants admit that they provide and/or supply from the United States one or more components of the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45, stapler motor packs, and reloads for the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 to customers outside the United States with knowledge that such component(s) are to be combined outside the United States. Defendants admit that the supplied components are intended for use in the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45with compatible *da Vinci* systems and are combined abroad and used in *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45. Defendants admit that they provide to customers instructions for using the *da Vinci Si EndoWrist* Stapler 45 and *da Vinci Xi EndoWrist* Stapler 30/45 as demonstrated by the *da Vinci Xi EndoWrist* Stapler 30/45 User Manual Addendum (551681_07C). Defendants deny the remaining allegations of paragraph 98.

99. Defendants deny the allegations of paragraph 99.

100. Defendants deny the allegations of paragraph 100.

## **Prayer for Relief**

101. Defendants deny that Plaintiffs are entitled to any relief.

## **Demand for Trial by Jury**

102. Plaintiffs' demand of a trial by jury does not require a response.

**DEFENSES**

103. Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses listed below, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

**FIRST DEFENSE**
**(INVALIDITY)**

104. One or more of the claims of the patents-in-suit asserted by Plaintiffs are invalid for failure to satisfy the conditions of patentability set forth in the Patent Act, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SECOND DEFENSE**
**(ACQUIESCENCE, ESTOPPEL, WAIVER, OR LACHES)**

105. Upon information and belief, Plaintiffs' claims and the relief sought in relation to the patents-in-suit are barred in whole or in part by the equitable doctrines of acquiescence, estoppel, waiver, and/or laches.

**THIRD DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL)**

106. Plaintiffs' claims in relation to the patents-in-suit are barred in whole or in part by the doctrine of prosecution history estoppel.

**FOURTH DEFENSE**
**(PROSECUTION LACHES)**

107. Plaintiffs' claims in relation to the patents-in-suit are barred in whole or in part by the doctrine of prosecution laches.

# FIFTH DEFENSE
## (REDUCED DAMAGES)

108. Plaintiffs' damages are limited or unavailable pursuant to 35 U.S.C. §§ 271, 286, 287, and/or 288.

# PRAYER FOR RELIEF

109. WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief requested in their Prayer for Relief. Defendants therefore request that the Court enter judgment in Defendants' favor and against Plaintiffs on all of Plaintiffs' claims; that the Court award Defendants their costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Defendants such other further relief as the Court deems appropriate.

# DEMAND FOR JURY TRIAL

110. Defendants demand a trial by jury on all issues so triable.

OF COUNSEL:
Robert A. Van Nest
Brian Ferrall
R. Adam Lauridsen
William S. Hicks
Eduardo E. Santacana
KEKER VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

Dated: September 24, 2018

*/s/ David M. Fry*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*