**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347
(302) 658-9200
(302) 658-3989 FAX

BRIAN P. EGAN
(302) 351-9454
began@mnat.com

October 25, 2018

The Honorable Christopher J. Burke                             *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DC  19801

Re:   *Ethicon LLC et al. v. Intuitive Surgical, Inc. et al.*
      C.A. No. 17-871 (LPS) (CJB)

Dear Magistrate Judge Burke:

Plaintiffs Ethicon LLC, Ethicon Endo-Surgery, Inc., and Ethicon US, LLC (collectively, "Ethicon") respectfully request that the Court deny Intuitive's[1] motion to compel Ethicon to conduct additional custodial searches for Tom O'Brien and Dr. Elliott Fegelman.  Ethicon has fully complied with its obligations under the ESI Protocol and Rule 34 of the Federal Rules of Civil Procedure ("Rule 34").  Because Intuitive has failed to demonstrate good cause to require Ethicon to conduct custodial searches beyond the limits agreed to by the parties, Intuitive's motion should be denied.

**Background**

Ethicon and Intuitive negotiated and agreed to a protocol for the production of electronically stored information ("ESI Protocol") in this case, which the Court entered on February 9, 2018.  *See* D.I. 83.  To place reasonable limits on discovery and associated costs, each party agreed to exchange a list of its ten most likely custodians, and a list of non-custodial data repositories that each party would search for relevant information.  *See* D.I. 83 at 3.  Ethicon and Intuitive further agreed that absent a showing of good cause or further agreement of the parties, the lists of custodians and non-custodial data repositories "shall be the presumptive limit on ESI discovery."  *Id*.  The parties did not agree to conduct a custodial search for every individual identified in a party's initial disclosures.

Consistent with the ESI Protocol, Ethicon identified ten custodians in its November 20, 2017 initial disclosures.  *See* D.I. 187 at 7-8 (Exhibit A at 2-3).  Ethicon's list included named inventors of the patents-in-suit, as well as two individuals with sales and marketing responsibilities for Ethicon's surgical stapler products—Nitin Jain (Director of Marketing) and

---

[1] Defendants Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc., and Intuitive Surgical Holdings, LLC are collectively referred to as "Intuitive."

The Honorable Christopher J. Burke
October 25, 2018
Page 2

Jennifer Nagy (Global Marketing Director).  *See id*.  After applying the search terms requested by Intuitive for each custodian, Ethicon's production included 50,870 non-duplicative custodial documents from Mr. Jain and 26,676 non-duplicative custodial documents from Ms. Nagy.  *See* Ex. A (Declaration of Matthew D. Sieger) at ¶¶ 3-4.

At the end of 2017, after serving in various roles at Ethicon for nearly 12 years (including Director of Marketing), Mr. Jain transferred to another company within Johnson & Johnson.  *See* Ex. B.  Because Mr. Jain no longer works at Ethicon, Ethicon amended its initial disclosures to remove Mr. Jain and identify in his place Mr. O'Brien and Dr. Fegelman as each having knowledge in the same subject matter areas as Mr. Jain.  *Compare* D.I. 187 at 7-8, *with id*. at 21-22.  Intuitive subsequently requested that Ethicon conduct additional custodial searches for Mr. O'Brien and Dr. Fegelman.  D.I. 187 at Exhibit E.  Because Ethicon had already completed the custodial production required by the ESI Protocol and Intuitive did not provide good cause for its request, Ethicon declined to conduct custodial discovery beyond the limits agreed to by the parties.

**Ethicon Has Complied With The ESI Protocol**

Consistent with the ESI Protocol, Ethicon identified the ten custodians most likely to possess relevant information.  Ethicon identified eight named inventors, who were likely to have relevant information concerning at least the conception and reduction to practice of the patents-in-suit.  Ethicon also identified the two persons most likely to have discoverable information concerning the history, marketing, sales, and commercial success of Ethicon's surgical staplers.  In particular, Mr. Jain worked in various marketing-related roles at Ethicon for well over a decade (from 2006 to 2017), including serving as the Director of Marketing from February 2014 to November 2017.  Ex. B.  Similarly, Jennifer Nagy has served as the Global Marketing Director at Ethicon since September 2014.  Ex. C.  Accordingly, Ethicon identified the proper custodians in its initial disclosures.

Contrary to Intuitive's assertion, Ethicon's addition of Mr. O'Brien and Dr. Fegelman to its initial disclosures does not change the fact that Mr. Jain and Ms. Nagy were proper custodians on the subject areas regarding the history, marketing, sale, and commercial success of Ethicon's surgical staplers.  D.I. 187 at 2.  As described above, as Mr. Jain no longer works for Ethicon, it makes little sense to retain him on Ethicon's initial disclosures.  Ethicon's addition of Mr. O'Brien and Dr. Fegelman to potentially testify concerning the subject matter for which Mr. Jain had originally been identified does not alter the reality that Ethicon identified the proper custodians concerning sales, marketing, and commercial success.  As described above, the custodial productions of Mr. Jain and Ms. Nagy yielded over 75,000 combined documents.  Moreover, Intuitive has clearly recognized the relevance of Mr. Jain to the marketing and sales of Ethicon's surgical staplers during the relevant time period.  Even after Ethicon removed Mr. Jain from its initial disclosures and informed Intuitive that he would not testify at trial, Intuitive insisted on taking his deposition yesterday for a full seven hours.  Intuitive cannot credibly argue

The Honorable Christopher J. Burke
October 25, 2018
Page 3

that Ethicon improperly identified Mr. Jain as a custodian after it produced over 50,000 documents[2] that were in his possession and Intuitive dedicated seven hours to deposing him.

That Ethicon informed Intuitive that it would not call some of the named inventors as trial witnesses also fails to demonstrate that Ethicon incorrectly identified them as custodians. D.I. 187. Ethicon has asserted seven patents against Intuitive, which have nine total inventors. Given the time allotted for trial, it would be impossible for Ethicon to call every inventor to testify. Accordingly, and as a courtesy, Ethicon informed Intuitive that it would not call certain inventors as trial witnesses, with the hope that it would reduce the number of depositions taken by the parties. Thus, Ethicon reduced its list of potential trial witnesses to reduce the discovery burdens in this matter, but Intuitive is using that as a basis to do the exact opposite.

**Intuitive Has Failed To Demonstrate Good Cause For Exceeding the ESI Discovery Limits**

The burden is on Intuitive to demonstrate good cause for seeking custodial discovery beyond the limits set forth in the ESI Protocol. It has failed to do so. First, Intuitive appears to contend that it is entitled to custodial searches of every witness identified in Ethicon's initial disclosures. There is, however, no support for this assertion. The parties agreed to limit custodial searches to ten individuals, regardless of their inclusion in a party's initial disclosures. That Mr. O'Brien and Dr. Fegelman are now included in Ethicon's initial disclosures is insufficient on its own to justify custodial searches of their documents.

Second, Intuitive has failed to identify any specific, non-duplicative documents that would result from custodial searches of Mr. O'Brien and Dr. Fegelman. Nor has Intuitive explained how the alleged non-duplicative information it seeks relates to the merits of the case. Instead, Intuitive's letter includes only the unsupported statement that it is without "access to *any* of their contemporaneous documents and communications." D.I. 187 at 3 (emphasis in original). But Intuitive's assertion is incorrect. Due to the substantial overlap between the roles of Mr. O'Brien and Dr. Fegelman relative to Mr. Jain and Ms. Nagy (*i.e.*, Ethicon's marketing and sales custodians), Ethicon's production includes a significant number of contemporaneous documents and communications from both of them. For example, Ethicon's production contains over 6,000 documents associated with Mr. O'Brien, including over 5,000 emails that Mr. O'Brien sent, received, or was mentioned in. Ex. A at ¶ 5. Similarly, Ethicon's production contains over 2,700 documents associated with Dr. Fegelman, including over 1,900 emails. *See id*. at ¶ 6. Intuitive must know its assertion that Ethicon's production lacks *any* documents from Mr. O'Brien and Dr. Fegelman is false because it introduced several emails sent to or authored by Mr. O'Brien as exhibits during the deposition of Mr. Jain.

Apparently, Intuitive did not analyze Ethicon's production to determine the documents associated with Mr. O'Brien and Dr. Fegelman that have already been produced. Nor did Intuitive even attempt to ask Mr. Jain during his deposition whether Mr. O'Brien or Dr.

---

[2] In contrast, eight of ten custodians identified by Intuitive possessed less than 11,000 documents that were ultimately produced. *See* Ex. A at ¶ 7.

The Honorable Christopher J. Burke
October 25, 2018
Page 4

Fegelman would possess any non-duplicative information.  Intuitive's assertion that performing custodial searches will result in production of non-duplicative information is therefore pure speculation.  Accordingly, Intuitive has failed to demonstrate good cause for exceeding the scope of custodial discovery agreed to by the parties in the ESI Protocol.

### Intuitive's Rule 34 Argument Should be Rejected

Intuitive alternatively asserts that Rule 34 justifies its demand for additional custodial searches.  Under Intuitive's theory, however, a party could simply invoke Rule 34 whenever it desired custodial discovery beyond the limits set forth in an ESI Protocol.  But the very purpose of the ESI Protocol is to limit requests such as Intuitive's, which are based on pure speculation and would serve no other purpose than to increase the cost of litigation.

In any event, Intuitive has failed to demonstrate that Rule 34 warrants the discovery that it seeks.  To date, Intuitive has served 55 requests for production on Ethicon pursuant to Rule 34.  In its letter brief, Intuitive has not alleged that Ethicon's document production is deficient with respect to any of those requests.  Nor has Intuitive alleged that conducting custodial searches of Mr. O'Brien and Dr. Fegelman will yield additional documents or information responsive to any of its requests.  Intuitive's attempt to utilize Rule 34 to circumvent the ESI Protocol should be rejected.

\*           \*           \*

Ethicon has complied with the ESI Protocol and its document production obligations under Rule 34.  Intuitive has failed to show good cause that warrants compelling Ethicon to conduct custodial searches beyond the limits agreed to by the parties.  Accordingly, Ethicon respectfully requests that the Court deny Intuitive's motion.

Respectfully,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

BPE/rah
Enclosure
cc:   All Counsel of Record (via electronic mail; w/enclosure)