IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ETHICON LLC, *et al.*, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-871-LPS |
| | ) | |
| INTUITIVE SURGICAL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

OF COUNSEL:
Robert A. Van Nest
Brian Ferrall
R. Adam Lauridsen
William S. Hicks
Eduardo E. Santacana
Divya Musinipally
KEKER VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*

Dated: October 26, 2018

Intuitive submits the following supplemental claim construction brief concerning the "driver element" and "reciprocatable closure element" terms in U.S. Patent No. 9,113,874.

## I. "DRIVER ELEMENT" (CLAIMS 9, 20)

Dr. Awtar's Supplemental Declaration (D.I. 180) fails to address, or even mention, Dr. Vaitekunas's expert testimony regarding the "driver element" term. *See* D.I. 129, ¶¶14-21. The technical basis for Intuitive's means-plus-function construction is, thus, undisputed.

Rather than address the substance of Dr. Vaitekunas's testimony, Ethicon's supplemental brief relies instead on mischaracterizations. Contrary to Ethicon's assertion, Dr. Vaitekunas did ***not*** opine that "§ 112(6) should apply because the claims do not describe one specific driver element." *See* D.I. 180 at 2. Instead, he provided unrebutted testimony that "there are many different structural mechanisms capable of achieving [the claimed] function, … and the claim language provides no detail regarding which of those possible structures are encompassed within the claim." D.I 129, ¶18. Nor did Dr. Vaitekunas "agree" that "the 'driver element' … refers to the mechanism in a surgical stapler that drives staples or drives another structure that drives staples or cuts tissue," as Ethicon contends. D.I. 180 at 2. Although Dr. Vaitekunas explained in unrebutted testimony that "every surgical stapler must have some 'driver element' that travels axially through the end effector in order, ***for instance***, to drive staples or to drive some other structure that drives staples or cuts tissue" (D.I. ¶16; emphasis added), nowhere does he opine that the universe of "driver elements" is limited even to those diverse categories of structures.

Ethicon also asserts incorrectly, and without any support, that § 112(6) does not apply because "a person of ordinary skill would understand that a 'driver element' in the context of an end effector designates structure (*e.g.*, a staple driver) even though the term covers a class of structures." D.I. 180 at 2. As explained by Dr. Vaitekunas, a wide variety of structures and even

1

classes of structures could perform the claimed function. D.I. 129, ¶¶18-20; *see also* D.I 120, ¶¶25-26. Indeed, this is ***undisputed*** because Dr. Awtar does ***not*** opine (nor can he) that "driver element" is limited to any class (or classes) of structures. *Cf.* D.I. 121 (Awtar Decl.), ¶22 ("there is a limited class of structures that could act as an 'opening member'…"); ¶35 ("there is a limited class of structures that could act as a reciprocatable closure element"). In sum, Ethicon's brief further confirms that "driver element" does not "have a sufficiently definite meaning as the name for structure." *Williamson v. Citrix Online*, LLC, 792 F.3d 1339, 1350 (Fed. Cir. 2015); *see also Diebold Nixdorf, Inc. v. Int'l Trade Comm'n,* 899 F.3d 1291, 1297–99 (Fed. Cir. 2018) ("cheque standby unit" subject to § 112(6) where the claims described that term "solely in relation to its function and location in the apparatus"); *see also id.* at 1302 (claim term was not "used either in 'common parlance' or by skilled artisans in the pertinent field to designate structure").[1]

## II. "RECIPROCATABLE CLOSURE ELEMENT" (CLAIM 9)

Ethicon contends that this element is not subject to § 112(6) because Dr. Awtar purports to identify three closure mechanisms that lack a "reciprocatable closure element." Although Intuitive disagrees with Dr. Awtar's analysis, it is ***undisputed*** that "reciprocatable closure element" is not limited to any specific structure or class of structures. *See* D.I. 121 (Awtar Decl.), ¶35 (limited class of structures includes "cam systems, cable pulley systems, and transmission rods/shafts"); D.I. 120, ¶¶17-20; D.I. 129, ¶¶5-11). Accordingly, § 112(6) applies.

---

[1] *See also, e.g., B. Braun Melsungen AG v. Becton, Dickinson & Co*., 2017 WL 3396464, at *14–15 (D. Del. Aug. 7, 2017) ("needle protective device" subject to § 112(6); rejecting argument that claim imparts structure by "refer[ring] to a class of structures whose function is 'to prevent... unintended needle sticks'"); *Voice Domain Techs., LLC v. Apple Inc*., 2015 WL 4638577, at *8 (D. Mass. Aug. 4, 2015) ("coupling mechanism" subject to § 112(6); noting that "[t]he specification discloses two completely different structures" for performing the recited function).

|  | Respectfully submitted, |
|---|---|
|  | SHAW KELLER LLP |
|  | */s/ David M. Fry* |
|  | John W. Shaw (No. 3362) |
|  | Karen E. Keller (No. 4489) |
|  | David M. Fry (No. 5486) |
|  | I.M. Pei Building |
|  | 1105 North Market Street, 12th Floor |
|  | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 298-0700 |
| Robert A. Van Nest | jshaw@shawkeller.com |
| Brian Ferrall | kkeller@shawkeller.com |
| R. Adam Lauridsen | dfry@shawkeller.com |
| William S. Hicks | *Attorneys for Defendants* |
| Eduardo E. Santacana |  |
| Divya Musinipally |  |
| KEKER VAN NEST & PETERS LLP |  |
| 633 Battery Street |  |
| San Francisco, CA 94111 |  |
| (415) 391-5400 |  |

Dated: October 26, 2018