# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETHICON LLC, ETHICON ENDO-SURGERY, INC., and ETHICON US LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-871-LPS-CJB |
| INTUITIVE SURGICAL, INC., INTUITIVE SURGICAL OPERATIONS, INC, and INTUITIVE SURGICAL HOLDINGS, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington, Delaware this 3rd day of January, 2019.

WHEREAS, on December 21, 2018, the Court issued a Memorandum Order resolving Defendants Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc. and Intuitive Surgical Holdings, LLC's (collectively, "Intuitive") motion for relief against Plaintiffs Ethicon LLC, Ethicon Endo-Surgery, Inc. and Ethicon US LLC (collectively, "Ethicon"), requesting that the Court compel Ethicon to produce responsive documents created by the named inventor of the patents-in-suit, (D.I. 245);

WHEREAS, the Court released the Memorandum Order under seal in recognition that it may contain confidential information, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order, (*id.* at 12-13);

WHEREAS, on December 28, 2018, Ethicon filed an Unopposed Motion to Redact Portions of the December 21, 2018 Memorandum Order (the "Motion to Redact"), (D.I. 253),

which requests that certain material in the Memorandum Order (the "proposed material") be redacted from any and all publicly-available copies of the Memorandum Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Although Ethicon describes the proposed material as "limited" in scope, (*id.* at 2), the Court does not agree. Such material amounts to nearly three pages of the 13-page Memorandum Order, and if all of it were redacted, a reader would not be able to understand the rationale underlying the decision. (*See id.*, ex. A).

2. The proposed material speaks only in general terms about: (a) what the Franchise Review Board did; and (b) the nature of the Value of IP spreadsheet and related documents. (*Id.*) It is therefore difficult to understand how disclosure of this information would be the type of revelation to Ethicon's competitors that would cause Ethicon a serious injury. *See, e.g., California Inst. of Tech. v. Broadcom Ltd.*, CV 16-3714-GW (AGRx), 2018 WL 1468371, at *2 (C.D. Cal. Mar. 19, 2018) (court discussing in public opinion company's process of reviewing invention submissions); *Raytheon Co. v. Cray, Inc.*, C.A. NO. 2:15-CV-01554-JRG-RSP, 2017 WL 2426266, at *1 (E.D. Tex. June 5, 2017) (same). Ethicon does not help shed much light in that regard, providing only one sentence in support of its assertion that disclosure of this information would "'work a clearly defined and serious injury'" to it. (D.I. 253 at 3)

3. Ethicon's brief and vague assertion fails to show that the proposed material is the kind of information that courts will protect, or that disclosure of the information will indeed be injurious. *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) ("The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.") (internal quotation marks and citation omitted).

4. The Court will provide Ethicon with one final opportunity to meet its burden. To that end, by no later than **January 10, 2019**, Ethicon shall file a Revised Motion to Redact that includes additional argument (and, if applicable, citations to supporting caselaw) that: (a) articulates with greater particularity than does the instant Motion to Redact the "clearly defined and serious injury," *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted), that Ethicon would suffer if the proposed material were disclosed to the public, *cf. ART+COM Innovationpool GmbH v. Google Inc.*, Civil Action No. 1:14-217-TBD, 2016 WL 10028722, at *5 (D. Del. Aug. 10, 2016); (b) addresses whether redaction of the proposed material would prevent the public from "understand[ing the Court's] precedent" with regard to the motion at issue, *see, e.g., Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 512-13 (D. Del. 2012) (discussing the disclosure of confidential information in court opinions when such information is integral to the court's decision) (citing cases), or why, if it would, this should not be a concern here; and (c) otherwise explains with greater specificity why legal precedent counsels in favor of redaction of the proposed material.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE