# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETHICON LLC, ETHICON ENDO-<br>SURGERY, INC., and ETHICON US LLC,<br><br>         Plaintiffs,<br><br>    v.<br><br>INTUITIVE SURGICAL, INC.,<br>INTUITIVE SURGICAL OPERATIONS,<br>INC, and INTUITIVE SURGICAL<br>HOLDINGS, LLC,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-871-LPS-CJB |

## **MEMORANDUM ORDER**

At Wilmington, Delaware this 17th day of January, 2019.

WHEREAS, on December 17, 2018, the Court held a discovery dispute teleconference relating to, *inter alia*, Defendants Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc. and Intuitive Surgical Holdings, LLC's (collectively, "Intuitive") motion for relief against Plaintiffs Ethicon LLC, Ethicon Endo-Surgery, Inc. and Ethicon US LLC (collectively, "Ethicon"), requesting that the Court compel Ethicon to produce responsive documents created by the named inventor of the patents-in-suit (the "privilege issues"), (D.I. 259);

WHEREAS, during that teleconference, counsel for the parties discussed with the Court certain of Ethicon's purportedly confidential business information;

WHEREAS, on December 21, 2018, Ethicon filed an " Unopposed Motion to Redact Portions of . . . the December 17, 2018 Teleconference Transcript," in which it sought to redact, *inter alia,* significant portions of the transcript relating to the privilege issue (i.e., those proposed redactions on page 48-72 of the transcript), submitting that the redactions were necessary

because the information reflected therein related to Ethicon's confidential business information, the disclosure of which would cause it competitive harm, (D.I. 250 at 3 & ex. C);

WHEREAS, on December 21, 2018, the Court issued a Memorandum Order resolving Defendants' motion regarding the privilege issues, (D.I. 245);

WHEREAS, the Court released the Memorandum Order under seal in recognition that it may contain confidential information, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order, (*id.* at 12-13);

WHEREAS, on December 28, 2018, Ethicon filed an "Unopposed Motion to Redact Portions of the December 21, 2018 Memorandum Order," in which it sought to redact significant portions of the Memorandum Order, submitting that the redactions were necessary because the information reflected therein related to Ethicon's confidential business information, the disclosure of which would cause it competitive harm, (D.I. 253 at 2-3 & ex. A);

WHEREAS, on January 3, 2019, the Court ordered Ethicon to submit a Revised Motion to Redact that included additional argument providing greater particularity as to what harm Ethicon would suffer were its proposed redactions to the portions of the transcript relating to the privilege issue[1] and to the Memorandum Order not granted, (D.I. 261 at 3; D.I. 262 at 3-4);

WHEREAS, on January 10, 2019, Ethicon filed a "Revised Motion to Redact Portions of the December 21, 2018 Memorandum Order and Transcript of the Court's December 17, 2018 Teleconference" (the "Revised Motion to Redact") in which it explained that it had "substantially reduced its requested redactions to a form that will allow the public to understand

---

[1] The Court granted Ethicon's request to redact portions of the transcript on page 9-28, which related to a different dispute. (D.I. 262 at 2-3)

2

the Court's precedent with regard to the dispute at issue" and submitted that its revised proposed redactions were necessary because the information reflected therein related to Ethicon's highly confidential and sensitive business information, the disclosure of which could cause it competitive harm, (D.I. 267 at 2, 4-5);

WHEREAS, Ethicon's currently proposed redactions are now very limited in scope, amounting to: (1) less than one half of a page of the transcript from pages 48-72; and; (2) less than a half a page of the 13-page Memorandum Order, (*id.*, exs. A, C), and do not affect the public's ability to understand the reasoning behind the Court's decision;

WHEREAS, this case involves private litigants and not public figures, and the proposed redacted information does appear to be the type of internal, strategic research and development information that is typically kept confidential, (*see id.* at 3-5);

WHEREAS, Ethicon has now also provided a clear basis to justify such redactions, (*id.*);

WHEREAS, based on the record before it, and considering the question as to this Motion only, the Court finds that good cause exists to believe that disclosure of these portions of the transcript and Memorandum Order would work a "clearly defined and serious injury" to Ethicon. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted).

THEREFORE, it is HEREBY ORDERED that:

1. Ethicon's Revised Motion to Redact is GRANTED.
2. The electronic transcript from the December 17, 2018 teleconference shall remain sealed, and a redacted version of the transcript, containing the redactions delineated in Exhibit D of the Revised Motion to Redact, with the exception of the redactions on page 40 of the

transcript,[2] shall be filed on the docket of this case by the Clerk of the Court upon receipt from the court reporter. (D.I. 267, ex. D)

3. Any and all publicly-available copies of the Memorandum Order, including but not limited to copies that are or will be available by remote electronic access, shall be redacted as delineated in Exhibit B of Ethicon's Motion. (*Id.*, ex. B)

                                                                        */s/ Christopher J. Burke*
                                                                   Christopher J. Burke
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] In its Revised Motion to Redact, Ethicon incorrectly states that page 40 of the transcript "was not referenced" in the Court's prior order and that it maintains that the redactions reflected thereon are appropriate. (D.I. 267 at 2 n.1) The Court did address the redactions on page 40 (which related to a separate discovery dispute from the privilege issue) in its Order, concluding that Ethicon had not provided a clear basis to justify such redactions. (D.I. 262 at 2-3) The Court still does not understand the basis to justify such redactions, and they shall not remain redacted in the publicly-available transcript.