# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ETHICON LLC,
ETHICON ENDO-SURGERY, INC. and
ETHICON US LLC,

      Plaintiffs,

v.

INTUITIVE SURGICAL, INC.,
INTUITIVE SURGICAL OPERATIONS,
INC. and INTUITIVE SURGICAL
HOLDINGS, LLC,

      Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. 17-871-LPS

## MEMORANDUM ORDER

Pending before the Court is Defendants Intuitive Surgical, Inc., Intuitive Surgical

Operations, Inc., and Intuitive Surgical Holdings, LLC's (collectively, "Intuitive" or

"Defendants") motion (D.I. 246) to "stay this matter until the final disposition, including the

completion of any appeals, of the currently-pending *inter partes* review ('IPR') proceedings

regarding" U.S. Patent Nos. 9,113,874 (the "874 patent"), 8,479,969 (the "969 patent"),

9,585,658 (the "658 patent"), 8,998,058 (the "058 patent"), 8,991,677 ("the 677 patent"),

9,084,601 (the "601 patent"), and 8,616,431 (the "431 Patent") (collectively the "patents-in-

suit"). (D.I. 247; *see also* D.I. 135) Plaintiffs Ethicon LLC, Ethicon Endo-Surgery, Inc., and

Ethicon US LLC (collectively, "Ethicon" or "Plaintiffs") oppose the motion. (D.I. 279) After

considering the parties' briefing (D.I. 247, 279, 283), **IT IS HEREBY ORDERED** that

Defendants' motion (D.I. 246) is **GRANTED**, and this case is **STAYED** until the issuance of the

Final Written Decision in the last of the now-instituted IPRs (but **not** also through the pendency of any appeals from the Final Written Decisions).

1.        Ethicon filed a patent infringement action asserting the patents-in-suit on June 30, 2017,[1] alleging that these patents cover aspects of a type of surgical stapler called an endocutter. (D.I. 1)  On November 13, 2017, the Court issued a scheduling order setting trial for October 2019.  (D.I. 47)  Intuitive petitioned for the institution of IPR proceedings against the patents-in-suit in May, June, and September 2018.  Completion of fact discovery appears to have occurred in January 2019.  (D.I. 247 at 2)  The Court held a claim construction hearing on October 1, 2018 (D.I. 175) and issued its decision on December 28, 2018 (D.I. 254, 255).  Although the parties had not served expert reports or begun expert discovery at the time of the filing of this motion (D.I. 247 at 2), they have now largely completed expert discovery (*see* D.I. 305) (extending deadline for rebuttal expert reports to March 20, 2019).  IPR proceedings have been instituted against six of the seven patents-in-suit, covering 14 of the 15 asserted claims.  (D.I. 283 at 1; D.I. 299)  The Patent Trial and Appeal Board ("PTAB") declined to institute an IPR with respect to the remaining patent-in-suit, the '874 patent.  (D.I. 247 at 4)[2]

2.        Whether or not to stay litigation is a matter left to the Court's discretion.  *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990).  In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  Courts typically rely on three factors in determining whether a stay is appropriate: (1) whether a stay will simplify the

---

[1] Ethicon amended its complaint to add the '431 patent on November 13, 2017.  (D.I. 49)

[2] Defendant has filed a motion for reconsideration of this denial decision, a motion which (as far as the Court can discern) remains pending.

issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See id.* Sometimes courts also consider whether the moving party would face hardship or inequity in going forward with the litigation. *See, e.g.*, *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010).

3.      The potential for simplification of the issues in this case is quite substantial. Fourteen of the 15 asserted claims are under IPR review and it is likely that some of these claims will be modified or invalidated. A stay will simplify the case because a PTAB decision will reduce and/or clarify issues the Court would otherwise address, including in connection with dispositive motions and trial. *See UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014). "[T]here will be estoppel of defenses that could otherwise be litigated in this court. There will be additional prosecution history relating to all of the claims in this case. Some claims may be cancelled. There may be amendments." *Thermo Fisher Sci. Inc. v. Agilent Techs., Inc.*, C.A. No. 17-600-LPS-CJB D.I. 164 at 23 (D. Del. June 29, 2018). Further, "the first wave of PTAB's final decisions may not issue until December 2019, more than two months after the trial date for this case," meaning a jury verdict (in October 2019) could conflict with the outcomes of the PTAB's IPR proceedings. (D.I. 247 at 8-9) (citing *Boston Sci. Corp. v. Cook Grp. Inc.*, C.A. No. 15-980-LPS-CJB D.I. 304 at [16] (D. Del. Aug. 16, 2017))

Ethicon responds that "while some simplification could potentially result from the IPRs, this simplification does not apply to the case as a whole." (D.I. 279 at 4; *see also id.* at 14-16) Ethicon also emphasizes that Intuitive's IPR petition as to the '874 patent has been denied, so further proceedings in this Court are certain to be required with respect to at least one asserted

claim. (*See id.* at 4)  Nonetheless, for the reasons already stated, substantial simplification is almost certain, not merely "speculative," as Ethicon unpersuasively contends.  (*Id.*)

4.     Ethicon argues that the case is at an advanced stage, as the Court has already issued its claim construction order (D.I. 255), fact discovery is complete, and expert discovery is nearly concluded (D.I. 279 at 6).  Ethicon also observes that the suit was filed 18 months prior to Intuitive's motion to stay, an amount of time courts often find favors denying a stay.  (*See id.* at 13) (citing *President & Fellows of Harvard College*, C.A. No. 17-1729-LPS-SRF D.I. 213 at 1-2 (D. Del. Jan. 8, 2018))  Defendants counter that although fact discovery is complete, the case is at "an efficient pausing point," so this factor should not weigh heavily against a stay.  (D.I. 283 at 9; D.I. 247 at 13-14 (citing *Found. Med., Inc. v. Guardant Health, Inc.*, 2018 WL 950261, at *2 (D. Del. Feb. 15, 2018))  The Court agrees with Intuitive that although this case is further along than is typical for a motion to stay, it is indeed at an efficient stopping point, and any weight given to this factor is outweighed by the likelihood that the issues for trial will be simplified by a stay.

5.     Ethicon argues at length that "a stay will significantly prejudice Ethicon by allowing Intuitive to use its infringement as a vehicle to unfairly compete with Ethicon."  (D.I. 279 at 7)  In considering whether a stay will be prejudicial to Ethicon or give Intuitive a clear tactical advantage, the Court will consider four factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties.  *See Contour IP Holding, LLC v. GoPro, Inc.*, 2016 WL 4474340, at *4 (D. Del. July 14, 2016).

6.     In relation to these factors, Ethicon notes that the parties are direct competitors in a three-player market, so extending the time before final judgment would allow Intuitive to take

market share from Ethicon through more sales of its allegedly infringing products. (D.I. 279 at 7-9)  Ethicon also characterizes Intuitive's 11-month delay (from first notice of the claims being asserted to first filing of IPR petitions) as tactical.  (*Id.* at 10) ("Instead of diligently filing IPRs in a manner that would have avoided delay in the trial, Intuitive's IPR timing appears to have been intentionally structured to preclude the possibility of a final written decision prior to the scheduled trial date.")  Intuitive responds that "[t]he true scope of Ethicon's claims against Intuitive was not settled until April 2018 because Ethicon resisted narrowing its claims."  (D.I. 283 at 4-5) (noting that, after some dispute, Court required Ethicon to narrow its claims, while allowing Ethicon to do so on its own proposed timeline)  "In May 2018, a month after Ethicon reduced its asserted claims by nearly half – from 52 to 30 – Intuitive began filing its IPR petitions."  (*Id.* at 5)  Intuitive then moved to stay "within days of receiving the PTAB's first wave of institution decisions."  (D.I. 247 at 10)  Intuitive also challenges Ethicon's claims of prejudice, contending that (1) Ethicon filed suit four years after Intuitive began selling the accused products (D.I. 283 at 6-7); (2) Ethicon did not seek a preliminary injunction (*id.* at 7-8); and (3) Ethicon's own competitive analyst described a market with more competition than three players and conceded that Ethicon may have lost some market share to new entrants (*id.* at 8-9) (citing D.I. 283-5 at 34-37).

7.     It seems possible that Intuitive will benefit in the marketplace from a postponement of trial.  Still, Ethicon has not demonstrated that this is likely, that this was the motivation for Intuitive's litigation strategy, or that Intuitive could and should have filed its IPR petitions much sooner than it did.  Nor is there any indication Intuitive's motion was "prompted by, for example, a case event that harmed" Intuitive.  *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508-09 (D. Del. 2012).  Ethicon's prejudice from a delay in trial is not

severe, and any continued infringement may be compensated with damages. Further, Ethicon's delay in filing suit, decision not to seek a preliminary injunction,[3] and delay in narrowing its asserted claims weigh in favor of Intuitive.

8.      In sum, while every case is different and must be assessed based on its particular facts and circumstances, and the Court often (as here) confronts a difficult question of how best to exercise its discretion, in the instant case the substantial likelihood of simplification of issues from trial – given that the Court will have the benefit of the PTAB's consideration of certain invalidity defenses, and there will be estoppel effects, with respect to 14 of 15 asserted claims – combined with Ethicon's general diligence and the lack of emergent, nonquantifiable, or noncompensable prejudice to Intuitive, outweigh the fact that this case has now reached a fairly advanced stage and would be ready for trial just seven months from now. Accordingly, the Court will stay this case until after the issuance of a Final Written Decision in each of the IPRs which have been instituted. The Court will *not*, at this time, stay this case during the pendency of any appeals from the IPRs. Should either party wish to extend the stay, it will have to move for such relief at the appropriate time.[4]

IT IS FURTHER ORDERED that: (i) all dates and deadlines in the governing scheduling order (D.I. 47) are VACATED, *other than* that the parties SHALL file their rebuttal expert reports today, as agreed; (ii) the trial scheduled to begin on October 15, 2019 is CANCELLED;

---

[3] In giving this fact some weight, the Court does *not* intend to suggest that patentees should file motions for a preliminary injunction when such extraordinary relief is neither warranted nor necessary.

[4] The stay will likely be lifted in or around March 2020, when the last of the Final Written Decisions is anticipated. (*See* D.I. 279 at 2) It is quite possible the case can then be trial-ready within approximately six months thereafter, meaning the total delay resulting from the IPRs will be approximately one year.

and (iii) the parties shall provide the Court with a joint status report no later than September 20, 2019, and again every thirty (30) days thereafter, as well as no later than seven (7) days after the issuance of the Final Written Decision in the last of the pending IPRs.

March 20, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE