IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHICON LLC, ETHICON ENDO-SURGERY, INC. and ETHICON US LLC, </br></br> Plaintiffs, </br></br> v. </br></br> INTUITIVE SURGICAL, INC., INTUITIVE SURGICAL OPERATIONS, INC. and INTUITIVE SURGICAL HOLDINGS, LLC, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 17-871 (LPS) (CJB) |

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, on June 30, 2017, Ethicon LLC, Ethicon Endo-Surgery, Inc., and Ethicon US, LLC ("Ethicon") filed this action alleging infringement of U.S. Patent Nos. 9,585,658 ("the '658 Patent"), 8,479,969 ("the '969 Patent"), 9,113,874 ("the '874 Patent"), 8,998,058 ("the '058 Patent"), 8,991,677 ("the '677 Patent"), and 9,084,601 ("the '601 Patent") (collectively, the "Asserted Patents") by EndoWrist surgical cutting and stapling devices and reloads offered by Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc., and Intuitive Surgical Holdings, LLC ("the Intuitive defendants");

WHEREAS, on November 13, 2017, Ethicon filed its First Supplemental Complaint, which added infringement allegations related to U.S. Patent No. 8,616,431 ("the '431 Patent") by Intuitive's EndoWrist surgical cutting and stapling devices and reloads;

WHEREAS, on March 20, 2019, the Court granted Intuitive's motion to stay the case "until the issuance of the Final Written Decision in the last of the now-instituted IPRs" regarding the '658, '969, '058, '677, '601, and '431 Patents. *See* D.I. 307 at 1-2;

WHEREAS, the Court previously estimated that the "stay will likely be lifted in or around March 2020, when the last of the Final Written Decisions is anticipated." *See* D.I. 307 at 6 n.4 ("IPR Stay");

WHEREAS, the last of the Final Written Decisions is now expected to issue no later than February 19, 2020;

WHEREAS, on May 30, 2019, Ethicon filed a complaint with the United States International Trade Commission ("ITC"), subsequently amended by letter dated June 7, 2019, requesting that the ITC institute an investigation under 19 U.S.C. § 1337 based on claims of infringement of, among other patents, two of the seven patents asserted in this action (the '969 and '874 Patents) by stapler reload cartridges for surgical instruments used in laparoscopic surgical procedures, including reload cartridges used with Intuitive's EndoWrist surgical cutting and stapling devices;

WHEREAS, on June 28, 2019, the ITC voted to institute Investigation No. 337-TA-1167 ("the 1167 Investigation") as to all infringement claims above and named the Intuitive defendants and Intuitive Surgical S. De R.L. De C.V. as respondents;

WHEREAS, 28 U.S.C. § 1659(a) provides that District Courts "shall stay . . . any claim that involves the same issues involved in [a] proceeding before the [ITC]" at the request of a party that is a named respondent in the ITC proceeding;

WHEREAS, the Intuitive defendants request, and Ethicon does not oppose, to modify the IPR Stay to include a mandatory stay under 28 U.S.C. § 1659(a) regarding issues involving the '969 and '874 Patents until the determination of the Commission in the 1167 Investigation becomes final, to the extent such final determination of the Commission occurs after the expiration of the IPR Stay;

WHEREAS, it is also within the Court's inherent authority and discretion to modify the IPR Stay as it relates to the issues in this action concerning the non-overlapping patents, *see Cost Bros., Inc. v. Travelers lndem. Co.,* 760 F.2d 58, 60 (3d Cir. 1985) (stating that the decision whether to grant a stay "is committed to the district court's discretion"); *Graphic Properties Holdings, Inc. v. Toshiba Am. Info., Sys., Inc.,* C.A. 12-213-LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014) ("Congress explicitly intended that district courts should consider using their discretionary power to stay Patent infringement litigation that is related to, but not duplicative of, an action before the ITC.") (quoting *Zenith Elecs., LLC v. Sony Corp.,* 2011 WL 2982377, at *2 N.D. Cal. July 16, 2011)), and the parties hereby request the Court to exercise such authority and discretion to modify the IPR Stay;

WHEREAS, the parties agree to stipulate and jointly move to modify the IPR Stay in this action with respect to patents that do not overlap with the 1167 Investigation through the issuance of the Initial Determination in the 1167 Investigation, pursuant to this Court's discretionary power to manage its docket;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, that the IPR Stay is modified as follows:

(1) With respect to the '874 and '969 Patents, the case is stayed until the later of (a) the date on which the determination of the Commission in the 1167 Investigation becomes final or (b) the date on which the last of the Final Written Decisions in the instituted IPRs is issued.  Within 20 business days of this later date, the parties shall submit a Joint Status Report regarding their respective positions as to whether the stay as to any or all of the Asserted Patents (if not previously lifted) should be lifted.

(2) With respect to the non-overlapping patents, the case is stayed until the later of (a) the issuance of the Initial Determination in the 1167 Investigation or (b) the date on which the last of the Final Written Decisions in the instituted IPRs is issued. Within 10 business days of this later date, counsel for Ethicon and the Intuitive defendants shall meet and confer to discuss whether the stay should be lifted as to the non-overlapping patents. If either party requests at that meet and confer that the stay be lifted as to the non-overlapping patents, the parties shall file a Joint Status Report within 10 business days of the meet and confer date, providing their respective positions.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
|---|---|
| /s/ Brian P. Egan | /s/ David M. Fry |
| Jack B. Blumenfeld (#1014) | John W. Shaw (#3362) |
| Brian P. Egan (#6227) | Karen E. Keller (#4489) |
| 1201 North Market Street | David M. Fry (#5486) |
| P.O. Box 1347 | I.M. Pei Building |
| Wilmington, DE 19899 | 1105 North Market Street, 12th Floor |
| (302) 658-9200 | Wilmington, DE 19801 |
| jblumenfeld@mnat.com | (302) 298-0700 |
| began@mnat.com | jshaw@shawkeller.com |
|  | kkeller@shawkeller.com |
| *Attorneys for Plaintiffs* | dfry@shawkeller.com |
|  | *Attorneys for Defendants* |

July 29, 2019

SO ORDERED this ___ day of _____, 2019.

_____
CHIEF, UNITED STATES DISTRICT JUDGE