IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHICON LLC,<br>ETHICON ENDO-SURGERY, INC. and<br>ETHICON US LLC,<br><br>          Plaintiffs,<br><br>          v.<br><br>INTUITIVE SURGICAL, INC., INTUITIVE<br>SURGICAL OPERATIONS, INC. and<br>INTUITIVE SURGICAL HOLDINGS, LLC,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 17-871 (GBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

Pursuant to the stipulation entered by the Court (D.I. 310) the parties submit this Joint Status Report. As detailed below, the IPR proceedings and the ITC investigation involving the asserted patents have concluded, and the stay in this case should be lifted. The parties jointly request a status conference with the Court to discuss how this case should proceed.

Ethicon has asserted seven patents in this case: U.S. Patent Nos. 9,585,658 ("the 658 Patent"); 8,479,969 ("the 969 Patent"); 9,113,874 ("the 874 Patent"); 8,998,058 ("the 058 Patent"); 8,991,677 ("the 677 Patent"); U.S. Pat. No. 9,084,601 ("the 601 Patent"); and 8,616,431 ("the 431 Patent") (collectively the "patents-in-suit"). Intuitive Surgical filed petitions for *inter partes* review (IPR) on each of the asserted patents. On March 20, 2019, the case was stayed pending resolution of the IPRs, and has remained stayed since that date. *See* D.I. 307. On August 1, 2019, the Court entered a stipulation modifying the stay after Ethicon filed a complaint with the United States International Trade Commission ("ITC") based on claims of infringement including the 874 Patent and 969 Patent. *See* D.I. 310. Pursuant to the stipulation, the parties agreed that the

case would remain stayed until the later of (a) the date on which the ITC Investigation becomes final or (b) the date on which the last of the Final Written Decisions in the instituted IPRs is issued. *Id*. At the time the stay was entered, the Court had entered a Markman Order, and the parties had completed fact discovery and served opening and responsive expert reports.

The 431 Patent, 658 Patent, 058 Patent, 677 Patent and 601 Patent are no longer at issue in this case as a result of IPR final written decisions finding the asserted claims unpatentable. Ethicon is prepared to proceed in this case with respect to its allegations that the accused EndoWrist Xi product infringes asserted claim 24 of the 969 Patent[1] and asserted claim 20 of the 874 Patent[2].

Intuitive contends that claim construction before the ITC has resolved the question of infringement of the '969 Patent, and therefore this issue should be resolved before setting a schedule for the remaining issues in the case. Intuitive contends that the claim construction by the ALJ, while not binding, is persuasive and should be adopted by this Court.

Ethicon disagrees that any constructions adopted by the ITC resolve the question of the infringement of the '969 Patent by Intuitive's EndoWrist Xi product. With respect to the EndoWrist Xi product, the ITC did not adopt the ALJ's findings and took no position on the issue of infringement. *Certain Laparoscopic Surgical Staplers, Reload Cartridges, and Components Thereof*, 337-TA-1167, Comm'n Op. at 30 (Oct. 15, 2021) ("the Commission has further

---

[1] Claim 24 of the 969 Patent was found not unpatentable by the PTAB and that decision was affirmed by the Federal Circuit. The ITC determined that claim 24 of the 969 Patent was invalid and not infringed by Intuitive's SureForm product. The appealed portions of the ITC's determination was affirmed by the Federal Circuit and Ethicon's request for rehearing was denied. Ethicon will not petition for a writ of certiorari regarding the ITC's determination.

[2] Intuitive's IPR petition challenging claims 1-21 of the 874 Patent was not instituted by the PTAB. The ITC determined that claim 19 of the 874 Patent was not infringed and invalid. Claim 20 of the 874 Patent was not at issue in the ITC investigation.

determined to take no position on certain of the ID's findings concerning the '969 patent. Specifically, the Commission takes no position on (1) whether claim 24 of the '969 patent is infringed, directly or indirectly, in connection with the EndoWrist Xi products…"). Furthermore, this Court has already conducted claim construction on the '969 Patent and issued a claim construction order (D.I. 254). To the extent Intuitive seeks to have this Court reconsider claim construction issues already decided or to raise new claim construction issues not previously raised in this case, Ethicon requests that a briefing schedule and a date for oral argument be set promptly subject to the Court's availability. Ethicon will, however, oppose any effort by Intuitive to revisit other activities that have already been completed (e.g., fact discovery, non-infringement contentions, invalidity contentions, expert reports).

Accordingly, the Parties request a status conference to discuss how best to proceed.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Brian P. Egan* | */s/ Andrew Russell* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br><br>*Attorneys for Plaintiffs* | John W. Shaw (#3362)<br>Karen E. Keller (#4489)<br>Andrew Russell (#5382)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br><br>*Attorneys for Defendants* |

October 4, 2023