

Andrew E. Russell
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0704 - Direct
arussell@shawkeller.com

October 17, 2023

**VIA CM/ECF & HAND DELIVERY**
The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *Ethicon LLC, et al. v. Intuitive Surgical, Inc., et al.*, C.A. No. 17-871-GBW

Dear Judge Williams:

Per the Court's Oral Order of October 5, 2023 (D.I. 325), Defendants Intuitive Surgical, Inc, et al. ("Intuitive") submit this answering letter brief setting forth Intuitive's counter-proposal of how this case should proceed.

**I.    Background**

Ethicon filed this suit in June 2017, accusing Intuitive's EndoWrist stapler products of infringing seven patents: U.S. Patent Nos. 8,479,969 ("969"); 9,113,874 ("874"); 8,616,431 ("431"); 8,991,677 ("677"); 8,998,058 ("058"); 9,084,601 ("601"); and 9,585,658 ("658"). *See* D.I. 1.[1] On March 20, 2019, the Court stayed this case pending *inter partes* review (IPR) proceedings for six of the seven patents-in-suit. *See* D.I. 307. The PTAB ultimately determined that the asserted claims of five of those patents are unpatentable.[2] As a result, only two claims remain in this case: claim 24 of the 969 patent and claim 20 of the 874 patent.

While the IPRs were pending and shortly after the Court stayed this case, in July 2019, Ethicon also filed an additional complaint with the U.S. International Trade Commission ("ITC") alleging, among other things, that Intuitive's EndoWrist products infringe claim 24 of the 969 patent and claim 19 of the 874 patent. After extensive litigation on these issues between the Ethicon and Intuitive, in June 2021, Chief ALJ Charles E. Bullock determined that claim 24 of the 969 patent is invalid and not infringed, and also that claim 19 of the 874 patent is invalid and not infringed.[3] In its Commission Opinion, the ITC affirmed the ALJ's determination of

---

[1] Ethicon subsequently filed a second suit (C.A. No. 18-1325-GBW) in August 2018, accusing Intuitive of infringing five other patents, four of which the U.S. Patent and Trial Appeal Board (PTAB) later invalidated, all appeals having been exhausted. The 18-1325 case is currently stayed, and Ethicon is considering whether to drop it due to a design change in the accused product. *See* C.A. No. 18-1325, D.I. 65 at 1.

[2] Namely, the 431, 677, 058, 601, and 658 patents.

[3] *In the Matter of Certain Laparoscopic Surgical Staplers, Reload Cartridges, and Components Thereof*, Inv. No. 337-TA-1167, June 8, 2021 Initial Determination.

SHAW KELLER LLP
The Honorable Gregory B. Williams
Page 2

invalidity of the 969 patent, but took no position on infringement because of Ethicon's representation that it would not seek to exclude EndoWrist Xi products; and the ALJ's determinations of invalidity and non-infringement as to the 874 patent became the Commission's final determinations on those issues.[4]  Ethicon then appealed certain issues to the Federal Circuit, which affirmed.  *See Ethicon LLC v. Int'l Trade Comm'n*, 2023 WL 3674680 (Fed. Cir. May 26, 2023).  On August 24, 2023, the Federal Circuit denied Ethicon's petition for panel rehearing and rehearing *en banc*.

II.    Intuitive's Counter-Proposal of How this Case Should Proceed

When the Court stayed this case in March 2019, Ethicon was asserting 15 claims from seven patents, fact discovery was complete, and expert discovery was in progress.  Given the significant developments since that time, now just two claims remain—claim 24 of the 969 patent and claim 20 of the 874 patent.  And as discussed in the parties' Joint Status Report, Intuitive submits that the ITC and corresponding appeal proceedings over the past several years should resolve at least the 969 patent given that the same parties, using the same experts, had fully litigated issues of infringement and validity of the same 969 patent.  *See* D.I. 324 at 2.[5]  Intuitive submits that further proceedings in this case should reflect the updated state of affairs and benefit from the issues relating to the 969 and 874 patents that the same parties, relying on the same infringement and invalidity experts for these patents, fully litigated through resolution at the ITC and the Federal Circuit.

Accordingly, Intuitive respectfully requests that the Court allow it to file a motion for leave to supplement the discovery and disclosures record in this case with the evidence and contentions that the parties developed before the ITC.[6]  Thereafter, Ethicon's proposal to pick up where the parties left off 4.5 years ago—i.e., by proceeding directly to *reply* expert reports—would not make sense because the parties premised their opening and rebuttal expert reports more than 4.5 years ago on a fundamentally different litigation landscape then involving seven patents-in-suit.  Instead, Intuitive submits that the parties should be permitted to serve refocused

---

[4] *See In the Matter of Certain Laparoscopic Surgical Staplers, Reload Cartridges, & Components Thereof*, Inv. No. 337-TA-1167, December 20, 2021, Commission Opinion.

[5] For instance, the ALJ determined that claim 24 of the 969 patent is not infringed based on the claim construction of this Court; and also determined the same claim to be invalid for obviousness in light of the prior-art combination of the da Vinci Si robotic system and the PMI i60 stapler, which the Federal Circuit affirmed.  *Ethicon LLC v. Int'l Trade Comm'n*, 2023 WL 3674680, at *3 (Fed. Cir. May 26, 2023).

[6] To that end, Intuitive will work in good faith with Ethicon to address any concerns that may arise from the Protective Order at the ITC prohibiting the exchange or use of certain confidential information produced in that forum.

SHAW KELLER LLP
The Honorable Gregory B. Williams
Page 3

opening and rebuttal expert reports on the 969 and 874 patents that take into account the record of developments relevant to these patents since this case was stayed 4.5 years ago.

Intuitive's proposed schedule is set forth below:

| Event | Date |
| --- | --- |
| Intuitive's opening brief on motion for leave to supplement case record | November 20, 2023 |
| Ethicon's responsive brief | December 11, 2023 |
| Intuitive's reply brief | December 22, 2023 |
| Hearing on Intuitive's motion | February __, 2024 |
| Opening expert reports | 30 days after Court resolves the motion to supplement |
| Rebuttal expert reports | 30 days after opening expert reports |
| Reply expert reports | 2 weeks after rebuttal expert reports |
| Close of expert discovery | 3 weeks after reply expert reports |
| Deadline for dispositive motions and *Daubert* motions | November 21, 2024 |
| Hearing on dispositive motions and *Daubert* motions | December __, 2024 |
| Joint final pretrial order, including motions in limine | 1 week before pretrial conference |
| Jury instructions, voir dire, and special verdict forms | 2 weeks before pretrial conference |
| Pretrial conference | May __, 2025 |
| Trial | June __, 2025 |

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc:   Clerk of the Court (via CM/ECF & Hand Delivery)
      All Counsel of Record (via CM/ECF & Email)