IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHICON LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL INC., *et al.*, <br><br> Defendants. | Civil Action No. 17-871-GBW <br><br> **UNSEALED ON 6/17/2024** |

## MEMORANDUM ORDER

Plaintiffs Ethicon LLC, Ethicon Endo-Surgery, Inc. and Ethicon US LLC (collectively, "Ethicon") sued Defendants Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc., and Intuitive Surgical Holdings, LLC (collectively, "Intuitive"), alleging infringement of seven (7) patents. The parties went through claim construction and exchanged opening and rebuttal expert reports on six (6) patents. The case was stayed pending *inter partes* review (IPR) of all asserted patents on March 20, 2019—the same day rebuttal expert reports were served. D.I. 307. Since then, the case has been limited to two claims: claim 24 of U.S. Patent No. 8,479,969 ("the '969 patent") and claim 20 of U.S. Patent No. 9,113,874 ("the '874 patent"). During the stay, Plaintiffs brought suit at the International Trade Commission ("ITC"), and the Court extended the stay pending the ITC's final determination. D.I. 310. The ITC ultimately invalidated claim 24 of the '969 patent and claim 19[1] of the '874 patent. Pending before the Court is Intuitive's motion to supplement the case record, and for leave to amend expert reports to incorporate evidence and contentions from the ITC proceedings. D.I. 332. For the reasons set forth below,

---

[1] Claim 19 is similar to claim 20 asserted here, except that claim 19 also requires an end effector with a sensor and "distal actuation" of a staple firing member.

1

the Court **GRANTS** the motion to supplement the case record and for leave to amend the expert reports.

## I. BACKGROUND

As to the '969 patent, the Court's Claim Construction Order construed the terms "distal spine portion" and "proximal spine portion" as "structural member[s] within [proximal/distal] portion of elongated shaft assembly." D.I. 255 at 2. The Court rejected Intuitive's proposal to include "interior" within its construction, crediting Ethicon's argument that "interior" was redundant given the parties' agreement that the "spines are within the elongated shaft assembly." D.I. 254 at 7. Separate from arguing the redundancy of including "interior," Ethicon also contended that including "interior" would be improper, because the claimed spines could be "visible (i.e. exterior)" while still being within the elongated shaft assembly. D.I. 152 at 1 n. 2. The Court agreed with this as well, finding that the spines need not be "separate" from an exterior member of the shaft assembly. D.I. 254 at 7.

Intuitive's pre-IPR invalidity contentions cited an i60 stapler made by Power Medical Interventions, Inc. ("PMI") in combination with U.S. Patent No. 7,524,320 (collectively, the "i60 Combination") against U.S. Patent No. 8,616,431 ("the '431 patent," no longer asserted here), but not against the '969 patent. The PMI i60 stapler has an articulation joint with a proximal side connected to the shaft and a distal side connected to the end effector.

In his pre-IPR opening report on infringement, Ethicon's technical expert asserted that Intuitive's EndoWrist Xi stapler met the spine limitations of claim 24 of the '969 patent by virtue of having proximal and distal spines on opposite sides of an articulation joint, even if the spines were entirely exterior to the shaft assembly. D.I. 333, Ex. D at 16. At the ITC, Ethicon repeated this theory, and added an alternative argument that the accused spines were "interior components

2

'because they are covered by a sheath.'" D.I. 333, Ex. L at 25. Intuitive argued the invalidity of claim 24 of the '969 patent based on the i60 Combination, as well as a combination of the da Vinci Si system with the EndoWrist One Vessel Sealer ("Vessel Sealer").

The Administrative Law Judge (hereinafter "the ALJ") found that the EndoWrist products did not infringe claim 24 of the '969 patent, as they were not "within the elongated shaft assembly" under the Court's construction (which the parties agreed to apply in the ITC). D.I. 333, Ex. L at 26-27. He also rejected Ethicon's argument that the spines were within the shaft assembly because they are on the sides of the articulation joint and rejected the sheath argument. *Id.* at 27-28. Applying the Court's claim construction, the ALJ found claim 24 to be obvious over the i60 Combination. *Id.* at 30-36. However, he did not determine whether claim 24 was invalid over the Vessel Sealer. Intuitive had argued that the Vessel Sealer invalidates under Ethicon's theory of infringement, and the ALJ rejected Ethicon's theory. *Id.* at 29-30. The ITC's Commission Opinion affirmed that claim 24 of the '969 patent was invalid over the i60 Combination but took no view on the infringement of the EndoWrist Xi products or of the validity of claim 24 over the Vessel Sealer. D.I. 333, Ex. M at 3, 26-30. Ethicon appealed the ITC's determination that claim 24 of the '969 patent was obvious over the i60 Combination to the Federal Circuit. The Federal Circuit affirmed the ITC's decision. *Ethicon LLC v. Int'l Trade Comm'n*, 2023 WL 3674680, at *3 (Fed. Cir. May 26, 2023).

As to the '874 patent, the Court's Claim Construction Order construed the term "driver element supported for axial travel through the surgical end effector in response to firing motions applied thereto" in claim 20 as a means-plus-function element. D.I. 254 at 10. The Court ruled that the function of the driver element is "imparting motion onto another component" and the

3

corresponding structure is "sled 33 that traverses the channel which moves axially through the end effector and drives the staples." *Id.*

Intuitive's initial pre-IPR invalidity contentions cited, *inter alia*, two of PMI's patent applications against the '874 patent: U.S. Patent App. Pub. Nos. 2004/0094597 ("Whitman 2004") and 2007/0023477 ("Whitman 2007"). D.I. 333, Ex. B at 13. Whitman 2004 and 2007 name common inventors and disclose motor-power staplers having a staple cartridge with a wedge that travels axially through an end effector to cut and staple tissue. D.I. 333, Exs. G, H. Intuitive's pre-IPR final invalidity contentions dropped Whitman 2007. D.I. 333, Ex. C.

In his pre-IPR rebuttal report on invalidity, Ethicon's expert contended that Whitman 2004 does not disclose the "driver element" in claim 20 because Whitman 2004's wedge includes a sloped proximal surface that travels proximally through the end effector, instead of a sloped distal surface that travels distally. D.I. 333, Ex. I at 15-17. At the ITC, Intuitive argued for the invalidity of claim 19 of the '874 patent based on Whitman 2007, which purportedly meets this limitation.

The ALJ found that claim 19 was invalid and not infringed. He found that Whitman 2007 meets the "distal actuation" requirement, because Whitman 2007 teaches that its wedge "may be moved in either a proximal or a distal direction." D.I. 333, Ex. L at 47. Ethicon did not seek review of the ALJ's findings on the '874 patent.

## II. LEGAL STANDARD

"[A]fter dissolution of a stay . . . the record of the proceeding before the United States International Trade Commission shall be transmitted to the district court and shall be admissible in the civil action . . . to the extent permitted under the Federal Rules of Evidence and the Federal

4

Rules of Civil Procedure." 28 U.S.C. § 1659. "The legislative history explains that 'use of the Commission record could expedite proceedings and provide useful information to the court.'" *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007) (quoting H.R. Rep. No. 103-826(l)). "Although the ITC's findings lack preclusive effect," the Federal Circuit has repeatedly explained that such findings "can be considered by federal courts for their persuasive value." *Cellco P'ship v. Broadcom Corp.*, 227 F. App'x 889, 889–90 (Fed. Cir. 2007). Federal Circuit decisions on ITC appeals should be awarded special deference, as "[d]istrict courts are not free to ignore holdings of [the Federal Circuit] that bear on cases before them." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) (rejecting the proposition that making an ITC opinion not binding would result in district courts being free to ignore Federal Circuit appeals and analogizing the proper level of deference to the high level of deference owed by a panel to prior panels' decisions).

The Court has discretion to modify the case schedule and permit amended contentions for "good cause." Fed. R. Civ. P. 16(b)(4); *St. Clair Intell. Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2012 WL 1015993, at *5 (D. Del. Mar. 26, 2012), *aff'd*, 522 F. App'x 915 (Fed. Cir. 2013). The "good cause" determination considers: "(1) whether the movant has shown diligence; (2) the importance of the new information; (3) evidence of gamesmanship in the untimely disclosure; (4) the potential prejudice to the opposing party; and (5) the likelihood of disruption to the case schedule." *Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung e.V. v. Sirus XM Radio Inc.*, 2022 WL 608143, at *2 (D. Del. Jan. 27, 2022). In the Third Circuit, diligence is the most important factor, but "the diligence inquiry alone is not always dispositive." *Id.*

## III. DISCUSSION

Intuitive seeks leave to amend its invalidity contentions to admit evidence concerning prior art developed during litigation at the ITC, and seeks to amend the case schedule to allow new opening, rebuttal, and reply expert reports on the two remaining claims in the case. D.I. 333 at 20.

As a preliminary matter, the Court notes that this case has been stayed for five (5) years, has been transferred to a new judge, and has had five (5) patents and fifty (50) claims invalidated or otherwise dropped since the most recent contentions were filed. The standard rationales for requiring a strong showing of diligence to amend the case schedule do not apply with full force—the great majority of the work done on this docket so far relates to matters no longer before the Court. As a practical matter, this is a new case. Moreover, the Court notes that it would be irrational to stay a case for so long to permit parallel proceedings to conclude without recognizing the benefits of clarification and efficiency attainable by referring to parallel proceedings. *See in re Princo Corp.*, 478 F.3d at 1355 (the purpose of the ITC stay is to use the ITC record to "expedite proceedings and provide useful information to the court."). "Courts in the Third Circuit favor resolution of disputes on their merits, particularly with respect to patent validity issues, which raise public interest concerns extending beyond the immediate dispute between the parties." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 93 (D. Del. 2016). Thus, the Court finds that the long stay in favor of proceedings at the PTAB and the ITC supports the finding of good cause to amend invalidity contentions and supplement expert testimony, at least to the extent that the amendments and supplementation sought relate to the proceedings at the ITC. Thus, the Court considers each proposed amendment individually.

### A. Intuitive Diligently Sought Amendment and Supplementation with Respect to the '969 Patent.

Intuitive seeks to amend its invalidity contentions and re-focus expert reports on the '969 patent in order to add the i60 Combination and the Vessel Sealer as prior art. The ITC found that the i60 Combination invalidates claim 24 of the '969 patent, and the Federal Circuit affirmed. Neither the ITC nor the Federal Circuit addressed the effect of the Vessel Sealer, as they found that it would only be relevant under Ethicon's (rejected) interpretation of the Court's claim construction. D.I. 333, Ex. L at 29-30. As such, the ITC proceedings weigh in favor of permitting supplementation to consider the i60 Combination, but do not provide significant support for amending to include the Vessel Sealer.

Intuitive asserts that it has good cause to amend its invalidity contentions to include both the i60 Combination and the Vessel Sealer, on the grounds that Ethicon shifted its infringement position. D.I. 333 at 13-14; *see Jazz Pharms., Inc. et al v. Avadel CNS Pharms.*, LLC, C.A. No. 21-1138-GBW, D.I. 193 (D. Del. Mar. 8, 2023) (granting leave to assert theory "that crystalized only after [the plaintiff] served its opening expert reports"). Ethicon asserts that its infringement theory has been consistent throughout the litigation, so Intuitive has not been diligent in seeking amendment. D.I. 337 at 12. This dispute centers on whether the parties agreed that the terms "proximal spine portion" and "distal spine portion" are interior components.

During claim construction, Ethicon indeed argued that it would be "improper" to "limit the claimed spines to 'interior'" members. D.I. 130 at 10. However, Ethicon had agreed during claim construction that the spines are "within" the shaft assembly, and the Court rejected the inclusion of the "interior" limitation on the grounds that "the parties agree that the spine is located within the elongated shaft assembly." D.I. 254 at 7. Ethicon's argument to exclude the

7

"interior" limitation was premised on the understanding that "interior" could be read to mean "not visible," or "separate" from any exterior component. Ethicon never clearly argued at claim construction that the spines could be entirely exterior. D.I. 119 at 14 (Ethicon opposing the "interior" language as "redundant" rather than incorrect). Thus, Ethicon's expert's position that components on either side of an articulation joint are "within" a shaft assembly was a departure from the parties' representation to the Court. D.I. 333, Ex. D at 16-18; *see also* Ex. E at 8-9 (asserting that a "proximal spine portion" in an outer tube would still infringe). Ethicon repeated this theory at the ITC, which rejected it as inconsistent with the Court's claim construction. D.I. 333, Ex. L at 30-36. Intuitive sought leave to amend its contentions as soon as the stay was lifted.[2] Thus, the Court finds that Intuitive was diligent in seeking amendment and supplementation with respect to the '969 patent.

### B. Intuitive Diligently Sought Amendment and Supplementation with Respect to the '874 Patent.

Intuitive seeks to amend its final invalidity contentions to add Whitman 2007, on the grounds that Ethicon argued for the first time in its rebuttal expert report (served the same day as the case was stayed) that Whitman 2004's wedge is not the same as the claimed "driver element" because it performs the staple-driving function by travelling proximally through the end effector, while the claimed "driver element" travels distally through the end effector. D.I. 333 at 17. Ethicon argues that Dr. Atwar's position was not new, because Ethicon explained during claim construction that, if the "driver element" was construed as means plus function, then the corresponding structure is "sled 33," shown in Figure 3 of the '874 patent and having a sloped forward surface. D.I. 119 at 9. However, while Ethicon did note that the corresponding

---

[2] While Ethicon notes that Intuitive only disclosed the Vessel Sealer two days before the close of fact discovery at the ITC, D.I. 337 at 15, Intuitive was diligent before the Court—that it was slower before another body with different rules is irrelevant.

8

structure was "sled 33" in its briefing, it has not identified any disclosure prior to its rebuttal expert report where it made clear its position that "driver element" must have a sloped distal surface and travel distally. *See* D.I. 337 at 17-18. The closest disclosure was an interrogatory response, filed after the close of fact discovery (and final invalidity contentions), asserting that "Whitman 2004 does not disclose the same structure as sled 33, or its structural equivalent." D.I. 337, Ex. 6 at 31-33. Ethicon's argument is that this interrogatory response should have put Intuitive on notice that the sled must have a sloped distal surface, because sled 33 has a sloped distal surface. However, the Court finds that Ethicon's interrogatory response was insufficiently detailed and did not make clear how Whitman 2004 lacked the same structure as sled 33. Thus, Intuitive was not on notice of Ethicon's position until the service of Ethicon's rebuttal expert report. This case was stayed on the same day that the rebuttal expert report was served, and Intuitive promptly sought leave to supplement its contentions upon the lifting of the stay. D.I. 307; D.I. 324. Thus, the Court finds that Intuitive diligently sought supplementation with respect to the '874 patent.

### C. All Other Factors Weigh in Favor of Amendment and Supplementation.

Having found that Intuitive was diligent with respect to both asserted patents, the Court considers the other "good cause" factors, including the importance of the sought amendment, evidence of gamesmanship in the untimely disclosure, the potential prejudice to the opposing party, and the likelihood of disruption to the case schedule. *Fraunhofer-Gesellschaft*, 2022 WL 608143, at *2.

The i60 Combination and the Vessel Sealer are central to the merits of the case. The ITC found that claim 24 is invalid based on the i60 Combination, and the Federal Circuit affirmed.

9

*Ethicon*, 2023 WL 3674680, at *3. Indeed, Ethicon did not dispute that the i60 Combination "discloses each and every limitation of claim 24," under its interpretation of the Court's construction, but only that there was no motivation to combine the underlying references. D.I. 333, Ex. L at 30. While the ITC did not directly address the Vessel Sealer, its application to Ethicon's theories of invalidity and infringement makes it central to the merits of the case. *See* D.I. 333, Ex. L at 29-30.

Whitman 2007 is similarly important to the resolution of the merits. The ALJ found that Whitman 2007 discloses distal actuation of a staple driving element, overcoming Ethicon's chief objection to Whitman 2004. D.I. 333, Ex. L at 47-54. Ethicon argues that the ALJ was solely addressing claim 19 of the '874 patent, which does not include the "driver element" limitation. D.I. 337 at 18. While this is true, the Court is unconvinced that it prevents Whitman 2007 from being important evidence. The ALJ's findings with respect to Whitman 2007 are perhaps less persuasive because they were in the context of a different (but highly similar) claim, and Ethicon does not explain how Whitman 2007 fails to meet the sloped distal surface limitation it reads into the Court's construction. Thus, the Court finds that Whitman 2007 is central to the merits of the case.

Ethicon would not be prejudiced by amendment. The parties spent years litigating the same prior art at the ITC, and there is a substantial record for them to work with.[3] There is no reason to think that amendment would result in disruption to the case schedule, given the

---

[3] Ethicon suggests it may need fact discovery on the Vessel Sealer, having not sought that discovery before the ITC. D.I. 337 at 15. Intuitive does not explicitly oppose this discovery, arguing only that the scope of this additional discovery is unclear. D.I. 343 at 8. If the parties are unable to agree on the necessity or scope of this discovery, they may raise the issue with the Court pursuant to the scheduling order. In any event, this discovery would be unlikely to impact the case schedule or pose significant prejudice to Ethicon.

October 2025 trial date. There is no evidence of gamesmanship. Thus, all factors weigh in favor of permitting Intuitive to amend its invalidity contentions to include the Vessel Sealer, the i60 Combination, and Whitman 2007.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Intuitive has good cause to amend its invalidity contentions as to the '969 and '874 patents. Pursuant to the Court's prior order, D.I. 330, the parties shall re-serve opening expert reports to incorporate the changes to this case and focus on the remaining claims in dispute.

****

Therefore, at Wilmington this 15th day of May 2024, **IT IS HEREBY ORDERED** that Intuitive's Motion to Supplement the Case Record and for Leave to Amend Expert Reports to Incorporate Evidence and Contentions from ITC Proceedings (D.I. 332) is **GRANTED**. The parties are instructed to look to the Court's prior order (D.I. 330) on how to proceed with the case schedule.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE